### John H. Trowbridge *vs.* John Wetherbee, Jr.

A parol promise to pay to another a portion of the profits made by the promisor in a purchase and sale of real estate is not within the statute of frauds; and, if founded upon a sufficient consideration, will support an action.

Contract brought to recover one third part of the profits made on the sale of certain real estate.

At the trial in the superior court, before *Morton*, J., the plaintiff offered parol evidence to show that in July or August 1860 he ascertained that one Tappan had for sale a piece of real estate in Roxbury, and that he negotiated for the purchase thereof, and caused the same to be conveyed by said Tappan, by a deed in the common form, to Louis S. Robbins, of New York; that Robbins furnished a part of the purchase money, and gave a mortgage for the balance of the consideration; that the defendant and Robbins were to furnish the means, manage and improve said property, and to sell the same to the best of their judgment, and of the net proceeds, over and above the costs of the said real estate, and the costs of said improvements, after deducting the rents and income received by them, one third was to be paid to each; the plaintiff was not to, and did not, furnish any money; and thereafter, to wit, October 9th 1861, with the consent of the plaintiff, Robbins, by a deed in the common form, transferred said real estate to the defendant; that the defendant, at the delivery of the deed to him, repaid to Robbins all the money advanced by Robbins towards the said real estate and improvements; that the defendant then agreed, by parol, that Robbins's deed to him should not affect the

plaintiff's right to one third of the net proceeds as aforesaid, and that the defendant should take and manage said real estate, and sell the same to the best of his judgment; and of the net proceeds of such sale over and above the cost of said estate, and of the improvements, after allowing for the rents and income received therefrom, pay one third to the plaintiff. The plaintiff also offered evidence to show that in March 1863 the defendant conveyed the said real estate to one Mayall; that the same, together with other property, was conveyed to said Mayall in settlement of a disputed claim which he held against the defendant; and that in such settlement the parties estimated and treated this real estate as of the value of seven thousand dollars over and above the cost thereof, and of improvements thereon, and the plaintiff claimed one third .of such excess, and duly demanded the same.

The agreement between said parties was not in writing. The plaintiff claimed to have executed his part of said agreement, in having negotiated for and furnished the property, and that he was to have the said one third of said excess in consideration thereof. But the judge ruled that the plaintiff's action could not be maintained, and refused to admit the evidence. The plaintiff alleged exceptions.

*T. Willey & C. S. Lincoln*, for the plaintiff, in addition to some of the cases cited in the opinion, cited *Brackett* v. *Evans*, 1 Cush. 82; *Pierce* v. *Woodward*, 6 Pick. 206; *Wilby* v. *Phinney*, 15 Mass. 121; *Pomeroy* v. *Winship*, 12 Mass. 523.

*A. A. Ranney & H. W. Suter*, for the defendant. The case of *Smith* v. *Burnham*, 3 Sumner, 458, shows that the plaintiff cannot recover on the ground of a contract by which the defendant and Robbins were to pay for the estate which he had procured for them, his procurement constituting his contribution to the joint enterprise, and by which his interest was to be in the net profits, but not in the land itself. There is no evidence of a partnership between the parties. If there were, the matter in dispute could only be determined in equity; and an agreement for a partnership which is not in writing is within the operation of the statute of frauds. *Fall River Whaling Co.* v.

*Borden,* 10 Cush. 458. *Gray* v. *Palmer,* 9 California, 639. The ,aw applicable to this case is fully discussed in *Smith* v. *Burnham,* which has been recognized in *Richards* v. *Richards,* 9 Gray, 315; *Montague* v. *Hayes,* 10 Gray, 609; *Fall Rivei Whaling Co.* v. *Borden,* above cited.

CHAPMAN, J. It appears by the bill of exceptions that the plaintiff had discovered that there was in Roxbury a tract of land for sale at a price which he, thought advantageous to the purchaser, and he believed that some money could be made by buying it to sell again. He therefore agreed with Robbins and the defendant that they should take a conveyance of the land to themselves, pay a part of the purchase money, and give a mortgage to secure the balance; that the property should be managed, improved and sold by joint arrangement of the parties, and after it was sold the net proceeds should be equally divided between them. The purchase was accordingly made. The plaintiff furnished no money in the transaction, but contributed his knowledge, skill and services. Whether on account of this contribution he had an interest in the property by way of resulting trust, need not be considered.

On the 9th of October 1861, Robbins, by consent of the plaintiff, sold out his interest to the defendant. As a part of the consideration of this transfer, the defendant agreed to become responsible to the plaintiff for his third part of the net profits. Both these agreements with the plaintiff were by parol. In March 1863, the defendant sold and conveyed the land for a certain price, and the plaintiff brings this action to recover his one third part of the net profits. The defendant insists that parol evidence is inadmissible to maintain this action under the statute of frauds. The objection is not that the contracts were not to be performed within one year from the time of making them, for it is obvious that they were capable of being performed within that time, and therefore they are not within the clause of the statute relating to such contracts. *Peters* v. *Westborough,* 19 Pick. 364. *Lyon* v. *King,* 11 Met. 412. But the objection is that they re.ate to the sale of lands, or of an interest concerning lands.

The defendant's promise was a part of the consideration for which he obtained his deed, and it does not follow as matter of course that an agreement to pay a consideration for a conveyance of land is within the statute. A promise to pay money presently as such consideration is not within this clause of the statute, while a promise to convey lands as a consideration is within it. *Basford* v. *Pearson,* 9 Allen, 387. In this case, the defendant did not agree to convey any part of the land to the plaintiff, but to sell and convey it to some other person and pay the plaintiff his share of the net proceeds in money. The first part of this promise, namely, the promise of the defendant to sell the land, was within the statute, and, if he had refused to sell, the plaintiff could not have maintained an action to enforce the promise to sell. According to the case last cited, he might in such case treat the consideration as having failed, and recover such amount as he could prove the consideration to be worth. For the purpose of proving the failure, he might have proved the parol agreement to make the sale. But the promise to sell has been performed, and when a promise which was within the statute has been performed, the contract is no longer within the statute. *Stone* v. *Dennison,* 13 Pick. 1. Browne on St. of Frauds, § 116. If some of the stipulations in a contract are within the statute and others are not, and those which are within it have been performed, an action lies upon the other stipulations, if they are separate. *Page* v. *Monks,* 5 Gray, 492. The effect of the statute is not to make a contract void, but to prevent the bringing of an action for the non-performance of a promise which is within it, or for the specific performance of such a promise. But a party who actually performs a promise which is within the statute has thereby waived the benefit of the statute.

The cases of *Smith* v. *Burnham,* 3 Sumner, 435, and *Dale* v. *Hamilton,* 5 Hare, 369, which are cited and commented upon in *Fall River Whaling Co.* v. *Borden,* 10 Cush. 458, and which are adverse to each other, have been cited in this case. But they were suits in equity to enforce specific performance; and in *Smith* v. *Burnham* Mr. Justice Story admits that they are unlike

such a case as this. He cites the case of *Bunnel* v. *Taintor*, 4 Conn. 568, which is a case like this, and upon the authority of which this action may be maintained, and remarks that it did not turn upon the point raised in the case before him. It was an action at law for an account of the profits of an estate after it had been sold by the defendant, and the action was maintained. The court held that, as the estate had been sold, the statute of frauds did not apply to the case. In *Smith* v. *Watson*, 2 B. & C. 401, it was held that a right to share in the profits of a particular adventure did not give the party any interest in the property itself which was the subject matter of the adventure. If we apply that doctrine to this case, the plaintiff never had any interest in the land itself which was the subject matter of this adventure. If we regard the parties as in any sense copartners, then the whole business is closed, there are no outstanding debts or duties, and an action of contract lies to recover a final balance. *Brinley* v. *Kupfer*, 6 Pick. 179.

*Exceptions sustained.*