ANCHOR INVESTMENT COMPANY *vs.* F. S. KIRKPATRICK *et al.*

Argued Dec. 3, 1894. Reversed Dec. 12, 1894.

No. 9085.

A right of action under a guaranty of payment is assignable.

H., K., and H., for a valuable consideration, executed and delivered to B. a written guaranty that C. would pay to B. any and all indebtedness or liabilities which might then or thereafter be owing to B. by C., not to exceed in amount the sum of $10,000, which written guaranty was a continuing one. *Held* that, B. being the holder and owner of four promissory notes made to B. by C., amounting to $11,000, which were overdue, B. had the legal right to assign the written guaranty with the sale and transfer of the notes to a third party, such a written guaranty being assignable.

Appeal by plaintiff, the Anchor Investment Company, from an order of the District Court of Ramsey County, *John W. Willis*, J., made April 11, 1894, denying its motion for a new trial.

The defendants, F. S. Kirkpatrick, Egbert G. Handy and Joseph A.

Humphreys, on September 21, 1891, executed and delivered to the Commercial Bank of St. Paul their guaranty that the Columbia Electric Company, a domestic corporation, would pay the bank any and all indebtedness it might then or thereafter owe the bank, and therein stated that the guaranty is an open and continuing one to remain in force until revoked in writing. . Between April 9 and April 23, 1892, the bank loaned to the Columbia Electric Company $11,000 and took its four several notes each for a part thereof and each due fifteen days after its date. The notes were not paid and on February 27, 1893, the bank sold and assigned the notes to the plaintiff and transferred to it all rights under the guaranty. Plaintiff brought this action upon the guaranty, alleged the loan, its nonpayment and the assignment, and prayed judgment for $10,000. Kirkpatrick alone answered. The issues were tried October 4, 1894, before the court without a jury. The facts above stated were shown in evidence and plaintiff rested. Defendant Kirkpatrick moved that the action be dismissed on the ground that the right of the bank under the guaranty is not assignable. The court granted the motion. Plaintiff excepted, moved for a new trial and being denied appeals.

*Young & Lightner*, for appellant.

The guaranty was a security which the Commercial Bank held for the payment of these notes. By the assignment of the notes and indebtedness, plaintiff became the owner of them and also of the guaranty, as an incident to the principal debt. *Schlieman* v. *Bowlin*, 36 Minn. 198; *Lahmers* v. *Schmidt*, 35 Minn. 434.

In this case the written instrument in terms assigned, together with the notes, "all securities which said bank may hold securing any of said property or indebtedness." That the guaranty was, and was intended to be, included in this description is clear. The cases which hold that a guaranty like the one in suit cannot be assigned have arisen under statutes different from that of Minnesota. *Evansville Nat. Bank* v. *Kaufmann*, 93 N. Y. 273; *Everson* v. *Gere*, 122 N. Y. 290; *Weir* v. *Anthony*, 35 Neb. 396.

After the trial and decision of this action the respondent while opposing plaintiff's motion for a new trial made for the first time the point that even if the guaranty is assignable, the execution of the assignment was not sufficiently proven. Having specified at the trial

the particular grounds on which he claimed that the evidence was inadmissible, defendant must be deemed to have intended to limit his general objection to the specific ground stated. They were the only questions argued, and on them alone the objection was sustained. *Triggs* v. *Jones,* 46 Minn. 277; *Stillman* v. *Northern Pac. F. & B. H. R. Co.,* 34 Minn. 420; *McDonald* v. *Peacock,* 37 Minn. 512; *Russell* v. *Davis,* 51 Minn. 482; *King* v. *Nichols & S. Co.,* 53 Minn. 453; *Thompson* v. *Ellenz,* 58 Minn. 301; *Nelson* v. *Chicago, M. & St. P. Ry. Co.,* 35 Minn. 170.

*S. M. Magoffin,* for respondent.

The contract of guaranty is in its nature special and not negotiable, and no suit can be maintained upon a guaranty except by the party with whom the guaranty is made. *Springer* v. *Hutchinson,* 19 Me. 359; *Birckhead* v. *Brown,* 5 Hill, 634; *Lamourieux* v. *Hewit,* 5 Wend. 307.

In this state the cases involving guaranties, as *Hungerford* v. *O'Brien,* 37 Minn. 306, and *Harbord* v. *Cooper,* 43 Minn. 466, almost without exception relate to notes and the guaranties thereon. They do not relate to personal contracts, restricted by their terms to a particular individual.

This contract guarantees no notes but an indebtedness or liability, changing from time to time according to the needs of the Columbia Electric Company and its business. It guarantees payment of such indebtedness or liability only to the Commercial Bank, and is in every sense personal to the bank in its nature. *Irish* v. *Cutter,* 31 Me. 536.

The supposed assignment is wholly insufficient to transfer the title to the guaranty to plaintiff. It only purports to convey certain notes with all securities which the bank may hold securing said indebtedness.

BUCK, J. In the month of April, 1892, the Columbia Electric Company executed and delivered to the Commercial Bank of St. Paul its four promissory notes, amounting to the sum of $11,000 and interest, each note payable fifteen days after its date. At the time said notes were given, the bank held a continuing guaranty in writing, signed by the defendants, whereby they guarantied un-

conditionally and at all times the payment to said Commercial Bank of St. Paul of any and all indebtedness or liability now or hereafter owing to said bank by the Columbia Electric Company, not to exceed the sum of $10,000, and waive any and all demands of payment and notice of protest or default.

On the 28th day of February, 1893, and after the maturity of these notes, the Commercial Bank of St. Paul assigned them in writing to this plaintiff, and the assignment, after describing the notes, contained these words: "Together with all securities which said bank may hold, securing any property or indebtedness."

The plaintiff brought this action against the defendants as guarantors of the payment of said notes. The defendants interposed an answer consisting of a general denial. There was no controversy as to the making and delivery of the notes, and on the trial it was admitted that they represented an indebtedness owing from the Columbia Electric Company to the Commercial Bank which had not been paid, and that the notes had been assigned to the plaintiff.

The only question raised upon the trial, as appears from the evidence, was as to the assignability of the guaranty. This question was raised when the plaintiff offered the guaranty in evidence, to which the defendant objected upon the ground that it was immaterial, irrelevant, incompetent, and by its terms is a personal agreement, and is not assignable or negotiable, which objection was sustained by the court, and the plaintiff duly excepted. On the trial it was admitted that plaintiff was the holder of the notes, and that they had been assigned to it. On motion of the defendant, judgment was ordered by the court against the plaintiff. By the terms of the written guaranty it was to remain in full force until revoked in writing. It was dated September 21, 1891, and expressed upon its face that it was given for a valuable consideration.

There can be no question but that the Commercial Bank could have brought suit directly in its own name upon this guaranty, as it was expressly given to secure to the bank any and all indebtedness or liability which then existed, or which should thereafter exist, on the part of the Columbia Electric Company to the bank, in whatever manner any such indebtedness or liability may have been, or might thereafter be, created. Here was a legal liability on the part of the guarantors which attached to any indebtedness which

the Columbia Electric Company owed the bank. It did owe the bank the indebtedness represented by these notes. There was a legal contract between the guarantors and the bank to pay a certain indebtedness held by the bank, to wit, these notes. There can be no question but that the notes could be transferred or assigned. But they represented the same indebtedness in the hands of the bank that the guaranty did, and which it also held. Why should they not be assignable together, in and as one transaction, and as a proper, legitimate mode of doing business?

The terms of the guaranty were unusually broad. The terms of the assignment were broad enough to include an assignment of this guaranty; and, unless forbidden by some rigid rules of law, the notes and the guaranty of their payment should pass together. The guaranty was executed for the benefit of the bank. That is too apparent to need discussion. It, however, guarantied the payment to the bank of the indebtedness of only one party, viz. the Columbia Electric Company. If the guarantors had paid these notes of $10,000 to the bank, they would have done just what they had agreed to do by the terms of their guaranty. If they paid the same amount to this plaintiff as the assignee of the notes and guaranty, they are in no way harmed or damaged. The change is as to the plaintiffs or parties in interest, not as to any greater or less liability upon the part of the guarantors. There are no restrictive terms in the guaranty as to its assignability; that is, there are no terms which make it a special guaranty, applicable only to the party to whom it was given, to wit, the Commercial Bank. But, even in cases of ordinary special guaranty, the guaranty is assignable after default, and when a cause of action has arisen thereon. *Evansville Nat. Bank* v. *Kaufmann*, 93 N. Y. 273.

Now, the Commercial Bank paid a valuable consideration for the benefit of this guaranty. It is so expressed in the instrument. Why should it not have the full benefit of what it paid for? The right of assignment was a valuable right to the bank. Its contract with the defendants should be construed as other contracts are construed; that is, to carry out the intention of the parties. Construing it as it appears upon its face, it was the intention of the parties that just such an indebtedness as this, owing the bank by the Columbia Electric Company, should be paid. That obligation can be discharged by paying it

to this plaintiff as well as to the bank. The gist of the obligation is payment of one or more debts. The party to whom it is under obligation to pay is immaterial, providing it was a fair business transaction between the bank and the Columbia Electric Company, and came within the terms of the guaranty. The guaranty should therefore go with the debt it secures. The plaintiff is the owner of the notes, and is the real party in interest. This guaranty is a chose in action, and the party for whose benefit it was made should have the right to make it as effectual and beneficial as possible.

In the case of *Thallhimer* v. *Brinckerhoff*, 3 Cow. 645, the chancellor, in giving his decision upon the general principles applicable to the transfer of causes of action, uses this very sensible language: "But the rule of the common law that rights of action cannot be assigned has in modern times been reversed; the apprehension that justice would be trodden down if property in action should be transferred is no longer entertained; and the ancient rule now serves only to give form to some legal proceedings. In courts of equity this rule was never followed, and those courts have always considered and treated the rule as unjust, and have supported assignments of rights of action. Experience has fully shown, not only that no evil results from the assignment of rights of action, but that the public good is greatly promoted by the free commerce and circulation of property in actions, as well as of property in possession."

In a general sense, this language is applicable to this case, and confirmatory of the views which we have endeavored to express. We are of the opinion that the instrument of guaranty was assignable, and that by such assignment the plaintiff became the true owner thereof, and that it was entitled to bring this action for its use and benefit. See *Schlieman* v. *Bowlin*, 36 Minn. 198, (30 N. W. 879.)

It is contended by the respondent that the appellant failed to prove the making or delivery of the instrument of guaranty, and that the proof offered in respect to the guaranty was inadmissible under the allegations of the complaint. The record does not disclose the fact that any such objections were raised on the trial, but the fact does not distinctively appear that the only ground of objection was that the guaranty was not assignable. The defendant did not call the attention of the court to any other point, and no other was ruled upon by the court. Nor does the record show that any such points were raised

or ruled upon by the court on the motion for a new trial. Having stated his specific grounds of objections, he must be limited to them, and not be allowed now to shift his grounds of defense.

The order denying the motion for a new trial is reversed.

GILFILLAN, C. J., absent on account of sickness, took no part.

(Opinion published 61 N. W. 29.)