CHARLES W. HAGELIN v. HENRY WACKS.[1]

May 29, 1895.

Nos. 9013—(16).

**Statute of Frauds—Estate in Land.**

On December 15, 1892, and for a long time prior thereto, one W. was the owner of a lot upon which was situate a frame building which he had insured for the sum of $600, for three years from November 7, 1891. On December 15, 1892, W. and his wife conveyed the premises to H. for the sum of $1,500 cash. As part of the transaction, W. agreed, in addition to conveying said premises, to assign the insurance policy to H., and to cause the consent of the insurance company to be indorsed thereon, and to procure a valid assignment of the policy to H. for the unexpired term of the policy, which W. wholly neglected and failed to do; and the building was on August 13, 1893, wholly destroyed by fire, without the fault of H. By the terms of the insurance policy, it was to become void upon any change of ownership of the property; and, by reason of the failure of W. to perform his promise and agreement, H. was unable to recover the amount of his loss against the insurance company. *Held*: That the statute does not declare oral contracts as to estates or interests in land void, but merely that they shall not be enforceable by action.

**Same—Contract Enforceable in Part.**

When so much of the contract as would bring it within the statute of frauds has been executed, the mischief aimed at no longer exists. and there would seem to be no reason or principle why all the remaining stipulations should not be enforceable, precisely as if no part of the contract had been within the terms of the statute; and it is no objection to such an action that the plaintiff may be obliged incidentally to prove the making and execution of the other part of the contract, which, until executed, was within the statute, inasmuch as he founds no claim upon it.

**Same.**

The statute of frauds was enacted to prevent fraud, and not to allow or encourage it.

Action in the district court for Hennepin county by Charles W. Hagelin against Henry Wacks to recover damages for breach of defendant's contract to assign an insurance policy and to procure the assent of the insurance company to such assignment. The case

[1] Reported in 63 N. W. 624.

was tried before Elliott, J., who ordered judgment for defendant. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*John W. Arctander*, for appellant.

*Grethen & Larson*, for respondent.

BUCK, J. For a long time prior to December 15, 1892, the defendant owned a lot upon which was a frame building, and on November 7, 1891, he insured the building against loss by fire, for $600, for three years. He and his wife conveyed the premises to the plaintiff December 15, 1892, for the consideration of $1,500 cash. The plaintiff claims that, as part of the transaction, it was agreed on the part of the defendant that, in addition to conveying the premises, he would assign the insurance policy to the plaintiff, and cause the consent of the insurance company to be indorsed thereon, and to procure a valid assignment of the policy for his benefit, but that the defendant wholly failed and neglected to make such assignment, or to procure the consent of the insurance company to the same, and failed to procure any insurance for plaintiff's benefit, and that on August 13, 1893, the said building was wholly destroyed by fire, without any fault of the plaintiff.

It is also claimed by the plaintiff that he was ignorant of the method of doing such business, and that he fully believed that the house was insured, and that the assignment of the policy, with the consent of the company, had been effected, and after the loss by fire the defendant offered to procure payment of the loss to plaintiff from the company, but that the company, upon learning of the transfer of the property, refused to pay for such loss, upon the ground that, by the terms of the policy, it was to become void upon any change in the ownership of the property.

Plaintiff brought suit to recover the amount of the insurance policy, viz. $600. There was no dispute as to the conveyance, and the only question for our determination arises upon the exclusion by the court of any evidence of the agreement between the parties as to the defendant's promise to assign the insurance policy, and to cause the consent of the insurance company to be indorsed thereon, so that the plaintiff would have a valid insurance upon the premises, in the said sum of $600, for the period of 23 months.

The grounds upon which the lower court excluded the evidence were that the parol agreement to convey, and the agreement to procure the assignment of the insurance policy and see that the building was insured, being made at one and the same time, and for an indivisible consideration, were void, under the statute of frauds; that the agreement to convey land was also void under the statute of frauds; that, therefore, the agreement to procure the assignment of the insurance policy, being a part of the same transaction, was also void; and that the fact that the part within the statute had been fully executed did not make any difference whatever. We think that in so holding the lower court erred.

The provision of the statute here involved has reference only to estates or interests in land. The mischief aimed at was the danger of a person's being divested of such estates or interests by false oral testimony. The statute of frauds does not declare oral contracts as to estates or interests in lands void, but merely that they shall not be enforceable by action. Trowbridge v. Wetherbee, 93 Mass. 361; Lowman v. Sheets, 124 Ind. 416, 24 N. E. 351.

When so much of the contract as would bring it within the statute has been executed, the mischief aimed at no longer exists, and there would seem to be no reason or principle why all the remaining stipulations should not then become enforceable, precisely as if no part of the contract had been within the terms of the statute. It is no objection to such an action that the plaintiff may be obliged incidentally to prove the making and execution of the other part of the contract, which, until executed, was within the statute, inasmuch as he founds no claim upon it. The defendant is not charged with a refusal to perform a voidable contract, but that he received a money consideration from the plaintiff, for which he promised to render an equivalent, but now refuses to do so. He voluntarily chose to perform that part of the contract within the statute; and, as the contract cannot now be rescinded, if the defendant is permitted to repudiate that part of the contract without the statute, it would enable him to perpetrate a gross fraud upon the plaintiff. The statute of frauds was enacted to prevent fraud, not to allow or encourage it.

While the decisions on this question are not entirely harmonious, and in some jurisdictions seem to be somewhat vacillating, yet we

think that the doctrine we have suggested is supported by the clear weight of authority, and we are of the opinion that it is sound in principle. See Browne, St. Frauds, §§ 117, 150; Graffam v. Pierce, 143 Mass. 386, 9 N. E. 819; Trowbridge v. Wetherbee, supra; Ascutney Bank v. Ormsby, 28 Vt. 721.

The order denying the motion for a new trial is reversed.