GARDNER *v.* GARDNER.

1. DEED—CONSIDERATION—SUIT FOR PURCHASE PRICE.
   The consideration recited in a deed is not conclusive in an action by the vendor for the purchase price.

2. VENDOR AND VENDEE—PUBLIC SALE—PRIOR AGREEMENT AS TO PURCHASE PRICE—STATUTE OF FRAUDS—INTEREST OF INFANT.
   Plaintiff and her minor daughter owned certain land. Proceedings having been taken in chancery to sell the minor's interest, plaintiff agreed with defendant that, if he should purchase at the sale, at which a complete title was to be offered, he could have the land for a specified sum, regardless of the amount of his bid, plaintiff's share to be computed accordingly. *Held:*
   (1) That plaintiff, having conveyed to defendant, who bid in the premises at a price in excess of that agreed upon, could not, in an action for the purchase price, recover upon the basis of the sum bid, on the ground that the agreement, being verbal, was void under the statute of frauds.
   (2) That, as the minor's share was to be computed upon the amount bid, the agreement tended to defraud no one, and was binding upon the plaintiff.

Error to St. Clair; Eldredge, J., presiding. Submitted May 8, 1895. Decided July 2, 1895.

*Assumpsit* by Jennie Gardner against John W. Gardner for the puchase price of land sold and conveyed. From a judgment for defendant, plaintiff brings error. Affirmed.

*Atkinson & Wolcott,* for appellant.

*Avery Bros. & Walsh,* for appellee.

LONG, J. Plaintiff and her daughter, a minor, were the owners in fee of 80 acres of land. Proceedings were taken in the circuit court in chancery of St. Clair county to sell the minor's interest. The lands were offered for sale, and sold, and bid in by William Gardner at either $2,900 or $3,000. Some dissatisfaction seems to have arisen over the amount of the bid. John W. Gardner was desirous of purchasing the land. He and William Gardner, the first purchaser, were brothers; and Jennie Gardner, the plaintiff here, is the widow of their deceased brother, James. Plaintiff claims that John W. Gardner came to her, and wanted the first sale set aside, as he wanted to purchase the land, and that an agreement was then entered into between them that he was to have the place at $3,200, on condition that he would let his brother William have the old place, which he had bought of William, at $3,200. The defendant claimed that the price agreed upon was $3,100, and that he was to have it for that price, whatever he might bid it in for at the public sale. There seems to have been ill-feeling between the two brothers, and at the sale they each bid until it was struck off to the defendant at the sum of $3,600. Defendant contends that under the agreement the minor's interest was to be paid in full in accordance with the bid, but the amount going to the plaintiff was to be computed upon the sum of $3,100. There was a mortgage on the farm of $1,706.96. After this was deducted, it appears that there was paid to the guardian of the minor her full share, computed upon the bid of $3,600. The amount which defendant claimed was going to the

widow was computed upon the basis of $3,100, and paid.

The court charged the jury that there was an agreement made by which the defendant was to have the land at either $3,100 or $3,200, and that such agreement was binding upon the plaintiff, and that—

"You should first determine whether the price to be paid was $3,100 or $3,200, and you will deduct from the price agreed upon, as you shall find it, the sum required to pay the mortgage, which is practically conceded to be $1,706.96. From the sum left after such deduction you will deduct the sum fixed as the share in the sum bid belonging to the minor, to wit, $941.24. From the sum still remaining you will further deduct such sums as the evidence satisfies you have been paid by the defendant to Mr. Jenks for the plaintiff, or to plaintiff herself, as payments on the land. And if you find, after these deductions, that the defendant has paid the full sum agreed upon as the sum to be paid in gross for the land, your verdict should be for the defendant. If he has not paid the full sum, then your verdict should be for the balance found due, with interest."

The jury returned a verdict in favor of defendant.

1. Counsel for plaintiff contend that there was no price agreed upon between the parties, and that, therefore, the plaintiff was entitled to recover upon the basis of the bid of $3,600. There was evidence of an agreement,—the defendant contended, at $3,100; the plaintiff, at $3,200. The jury found with the defendant.

2. It is claimed that the plaintiff agreed to the price only upon condition that the defendant should sell his farm to his brother William for $3,200, and that, such condition not being fulfilled, the defendant cannot now have advantage of the price stipulated. This was not a condition which would inure to the plaintiff's benefit, and the only evidence offered to show that it was not fulfilled was in asking the plaintiff if she knew whether the defendant had made the deed to William. No further offer was made; and we regard it as wholly immaterial, if there had been, as no such claim is made in the declaration.

3. It is contended further that the oral agreement was void, under the statute of frauds, and that, therefore, plaintiff was not estopped from asserting her right to the full consideration recited in her deed. The consideration recited in a deed is not conclusive, but can afterwards be inquired into. *Mowrey* v. *Vandling*, 9 Mich. 39; *Shotwell* v. *Harrison*, 22 Mich. 410. The case does not fall within the statute of frauds. The conveyance has been made. It is not a suit upon an oral contract for the sale of land, but an action for the purchase price.

4. It is further contended that the defendant's position is a fraud upon the guardian, upon the court confirming the sale, and upon William Gardner, who bid $3,550. We can hardly understand how such an arrangement tended to defraud any one. The lands were to be put up at public auction. The highest bidder would take the premises. By the agreement with plaintiff the defendant was at liberty to bid any amount he chose. The more he bid, the more the minor would receive for her share. The agreement related to the plaintiff's interest only. This she had the right to sell at any amount she might agree upon.

We find no error in the record.

Judgment affirmed.

The other Justices concurred.