WILLIAM E. VEAZIE v. ELISHA MORSE.[1]

December 28, 1896.

Nos. 10,404—(148).

**Statute of Frauds — Contract Relating to Land—Performance in One Year.**

Defendant had guarantied the collection of certain notes which he had transferred to the plaintiff, and which were secured by mortgage on real estate; the security, however, being worth only a part of the amount due on the notes. After the notes became due and were dishonored, the defendant orally promised plaintiff that, if he would foreclose the mortgage, and bid in the property for the full amount due, if such foreclosure did not result in the collection of the money by redemption of the premises, he would pay the plaintiff the amount due on the notes and costs

1 Reported in 69 N. W. 637.

of foreclosure, the property then to be deeded to the defendant. *Held*, that this oral agreement was within the statute of frauds, both as an agreement that by its terms was not to be performed within a year,[2] and also as a contract for the sale of land or some interest therein.[3] Also that it was not taken out of the statute by the fact that plaintiff proceeded and foreclosed and bid in the property in his own name for the full amount due on the mortgage.

Appeal by plaintiff from an order of the district court for Hennepin county, Smith, J., sustaining a demurrer to the complaint. Affirmed.

*Harrison & Noyes*, for appellant.
*Bartleson & Paul*, for respondent.

MITCHELL, J. Stripped of surplus verbiage, the material allegations of the complaint are as follows: The defendant being indebted to the plaintiff, the parties made a settlement whereby the plaintiff accepted, and the defendant transferred, or caused to be transferred, to him in payment of this indebtedness, several promissory notes executed by third parties, and secured by mortgages on real estate; the defendant guarantying the collection of the notes thus transferred. The makers of these notes were then, and still are, wholly insolvent, so that nothing could have been collected from them by action. The mortgage security was not worth over one-half the amount of the notes. The notes having become due, and being dishonored, the defendant requested the plaintiff to foreclose, and bid in the premises for the full amount due on the respective notes, at the same time orally promising him that, if such foreclosures did not result in the collection of the money by redemptions from the sales, he would pay the plaintiff the amount due on the notes, according to the terms of the guaranty, with costs of foreclosure, and that plaintiff should then convey to him (defendant) the property thus acquired by foreclosure. Acting upon this request, and for the sole purpose of complying with it, plaintiff foreclosed, and bid in the property for the full amount due on the notes and costs of sale. The time of redemption expired, and none of the property was redeemed. Thereupon plaintiff tendered defendant a deed of the property, and demanded payment of the amount due on the notes and costs of fore-

2 G. S. 1894, § 4209.        3 G. S. 1894, § 4213.

closure.    Defendant refused to accept the deed, or to pay as demanded.

Upon these facts the plaintiff demanded judgment for the amount due on the notes and the costs expended by him in foreclosing.    The defendant demurred on the ground that the complaint did not state a cause of action.    From an order sustaining the demurrer the plaintiff appealed.

Briefly stated, the position of the defendant is that the terms of the original contract of guaranty were fully satisfied by the foreclosures and the plaintiff's bidding in the property for the amounts due on the notes, and hence that plaintiff can recover, if at all, only on the subsequent oral agreement; but that this oral agreement is within the statute of frauds, because (1) it was an agreement that by its terms was not to be performed within one year from the making thereof, and (2) it was a contract for a sale of land, or some interest therein.

On the other hand, plaintiff's contention is that the gist of his cause of action is the original guaranty of collection, and not the subsequent oral promise of the defendant to pay at the expiration of the time of redemption if no redemption was made; that the guaranty was not satisfied or discharged by the foreclosures; that in making these foreclosures and bidding in the property he was acting as mere trustee or agent for the defendant; and that the allegations of the complaint as to the oral agreement, and what was done under it, were only material as showing that he had exhausted his remedies against the makers of the notes, or, rather, that defendant had waived his doing so.    We are of opinion that defendant's contention is substantially correct.

Considered as an original agreement, the oral promise would clearly be within both clauses of the statute of frauds referred to; and it cannot be any the less so by reason of its being a modification of, or substitute for, the original agreement.    It is impossible for plaintiff to recover without resort to this oral agreement.    He is confronted at the outset by the fact that the notes have been paid and satisfied by the foreclosure of the mortgages; and the only ground upon which he can now possibly recover is that defendant agreed to take the land off his hands, and pay him what he purchased it for at the mortgage sales.

The fact that plaintiff has performed his part of this oral agreement by bidding in the property for the amount due on the mortgages will not take it out of the statute. There is no ground for treating the plaintiff as the mere agent of the defendant in doing this, so as to enable him to recover on an implied assumpsit, as might be the case if the performance by plaintiff had gone to the benefit of the defendant.

Order affirmed.