J. HOMER PIERCE v. ROSS CLARKE.[1]

January 7, 1898.

Nos. 10,720—(174).

Statute of Frauds—Contract for Sale of Land—Assignment of Mortgage, Payment of Which Had Been Guarantied—Foreclosure—Agreement with Guarantor—Principal and Agent.

The defendant had guarantied the payment of a certain note, secured by a real-estate mortgage, which guaranty was made as an inducement for its sale to a third party. Subsequently this note, with the guaranty and mortgage, were transferred to a fourth party, P., who, upon default in the payment of the note, commenced to foreclose the mortgage, whereupon the defendant and P., owner of the mortgage, entered into an agree-

[1] Reported in 73 N. W. 522.

ment, by the terms of which P. was to continue the foreclosure proceedings, bid off the property for the full amount of the indebtedness, and, whenever the defendant should pay the amount so bid, then P. would convey the premises to the defendant, or assign to him the certificate of mortgage sale, but that the personal obligation of the defendant on the guaranty should still continue, as though no such foreclosure sale had been had. This agreement was in writing, signed by the defendant, but not by P. personally, but only by his agent, not so authorized in writing. After the mortgage was duly foreclosed and the property bidden off according to the terms of the agreement, P. sued defendant upon the same to recover a personal judgment against him upon his guaranty. *Held*, that the agreement was within the statute of frauds, as being one for the sale of land, or an interest therein, and not subscribed by P., or his lawful agent, thereunto authorized in writing.

**Same—Oral Contract Void—Hagelin v. Wacks, 61 Minn. 214, Corrected.**

An erroneous statement of the law in Hagelin v. Wacks, 61 Minn. 214, to the effect "that the statute of frauds does not declare oral contracts as to estates or interests in lands void, but merely nonenforceable by action," corrected and overruled.

Appeal by defendant from an order of the district court for Ramsey county, Brill, J., denying his motion for a new trial after findings and order for judgment in favor of plaintiff for $6,750 and interest. Reversed.

*Bishop H. Schriber*, for appellant.

The agreement of June 17, 1893, upon which the plaintiff bases his rights in this case, is void under the statute of frauds, for the reason that it is a contract for the sale of land, and is not in writing and subscribed by the party by whom the sale was to be made, or by his lawful agent thereunto authorized in writing.

The alleged agreement attempted to provide that Samuel B. Pierce should purchase a tract of land for a certain sum of money, and that he would thereafter convey it to the defendant Ross Clarke, upon the payment by Clarke of the amount of the purchase price and interest. If Samuel B. Pierce had sold the land to a third person after the purchase at the foreclosure sale would he have had a cause of action against the defendant Clarke? If the land had been taken from Pierce on attachment or execution could he have

had his action against Ross Clarke?   In other words, is this action in any way different from an ordinary action of specific performance brought by vendor against vendee?   At once upon the foreclosure sale the interest of Samuel B. Pierce was changed from a chose in action to an interest in the real estate which would be subject to the lien of any attachment or docketed judgment.   G. S. 1894, § 6045.

The English statute of frauds, which has been adopted in every one of the United States, except Colorado, Louisiana, Michigan, Minnesota, Nebraska, New York, Pennsylvania, Tennessee and Wisconsin, provides that no action shall be brought upon any contract for the sale of lands unless the agreement is in writing and signed by the party to be charged therewith, or by some other person thereunto by him lawfully authorized.   The several states named, with the exception of Louisiana, Pennsylvania and Tennessee, have adopted the New York statute, which differs from the English statute in making a contract for the sale of lands absolutely void unless the contract is in writing and subscribed by the party by whom the sale is to be made, or by his lawful agent thereunto duly authorized in writing.   2 R. S. (N. Y.) p. 1885, § 8;  G. S. 1894 (Minnesota) § 4215.   There are therefore three distinctions between the English statute and our own:   (1) The English statute is merely a rule of evidence and does not go to the validity of the contract;  (2) the English statute requires a signing by the party to be charged, while our statute requires a signing by the vendor;  (3) the English statute does not require the authority of the agent to be in writing while ours does.

In those states having statutes similar to our own it has been uniformly held that, unless subscribed by the vendor, the agreement is absolutely void.   Brandeis v. Neustadtl, 13 Wis. 142.  In such states it has also been held that the contract must be signed by the vendor.   Scott v. Bush, 26 Mich. 418, 29 Mich. 523;  Colgrove v. Solomon, 34 Mich. 494;  Liddle v. Needham, 39 Mich. 147;  Maynard v. Brown, 41 Mich. 298;  McWhorter v. McMahan, 10 Paige, 386;  Townsend v. Hubbard, 4 Hill, 351;  Champlin v. Parish, 11

Paige, 405; Frazer v. Ford, 39 Tenn. 464; Brandeis v. Neustadtl, supra.

In the present case the party making the sale was Samuel B. Pierce. He never subscribed his name to the agreement personally. It was subscribed by Charles H. Clark, who had no authority in writing from Samuel B. Pierce to do so. In effect therefore the instrument is to all intents and purposes the same as if the name of Samuel B. Pierce did not appear thereon, and it is therefore absolutely void.

The case of Veazie v. Morse, 67 Minn. 100, is an authority exactly in point in favor of appellant and is conclusive of the present case. In it every essential point in the present case was passed upon by this court. The only difference in the facts is that in Veazie v. Morse the agreement was oral, while in the present case there was a written agreement, but it is void because not signed by the vendor nor his agent thereunto authorized in writing.

*Stringer & Seymour*, for respondent.

The agreement between Samuel B. Pierce and Ross Clarke is in no sense a contract for the sale of lands, but is in the nature of a mortgage. Heaton v. Darling, 66 Minn. 262. Before the foreclosure sale Munch held the title in fee and Pierce had a lien on the premises. Appellant Clarke, as guarantor, upon the payment of the debt would have been entitled to all of the securities held by Pierce. After the foreclosure sale Mr. Pierce still had only a lien on the premises to secure his debt. Munch's interest was eliminated by the foreclosure, and Clarke took his place. As against Clarke, Samuel B. Pierce acquired no ownership of the lands at the foreclosure sale (except mere record title) other than he had before such sale. The contract was to pay a debt if Pierce would adopt a certain line of conduct, which he did, in reliance upon appellant's promise. The relation of vendor and vendee did not, and could not, exist between appellant Clarke and Pierce; the very object of the contract was that Pierce should not, as against Clarke, acquire title to the property.

But, if the court should be of the opinion that the contract was one for the sale of land, the contract would still be enforceable

against appellant Clarke, because it has been wholly performed on the part of Pierce, and there is no way by which Pierce or his successor in interest could be put in the same position in which he was before the sale.

The case of Veazie v. Morse, 67 Minn. 100, is not in point because: (1) In that case the defendant guarantied only the collection of the notes, and hence it was necessary to exhaust the security before attempting to enforce the guaranty; in this case the guaranty was of absolute payment. (2) In Veazie v. Morse the promise was oral, whereas in this case it was written. (3) In Veazie v. Morse the oral agreement was that, if the plaintiff would foreclose the mortgage and bid in the property for the full amount due, the defendant would pay the plaintiff the amount due on the notes and the costs of foreclosure, in case of no redemption, and the property was to be deeded to the defendant; in the present case the contract provides that the obligation between the parties shall remain precisely the same as if no sale or foreclosure had been had, and the terms and conditions of the note guarantied by appellant should remain in full force and the purchase of the premises should operate as payment only as far as it might concern the maker of the note, but not in so far as it might affect defendant Clarke. The assignment of the note from Samuel B. Pierce to the plaintiff carried with it the contract in question. Longfellow v. McGregor, 61 Minn. 494; Lahmers v. Schmidt, 35 Minn. 434; Harbord v. Cooper, 43 Minn. 466.

BUCK, J.

On February 23, 1892, one Herman Munch executed and delivered to E. A. Christian a promissory note, with interest coupons attached, whereby Munch promised to pay to the order of said Christian on February 23, 1895, the sum of $6,750, value received, with interest thereon until paid at the rate of 8 per cent. per annum, payable semiannually in instalments to time of maturity, according to the terms of six interest coupon notes executed by Munch for the sum of $270 each. In case of default in the payment of any of the instalments of interest or interest notes, which default should continue for thirty days, then the whole of the principal sum of

$6,750 was to become due and payable, at the option of the holder of the note; notice of such option being waived. In order more effectually to secure the payment of said note, Munch, at the time of its execution, also executed and delivered to Christian a real-estate mortgage upon certain land in Ramsey county, in this state, containing the conditions usually found in real-estate mortgages, and the mortgage was duly recorded.

The note and mortgage were assigned by Christian to Eliza C. Darrah on July 7, 1892, by an instrument in writing, which was duly recorded. In order to induce Darrah to purchase the note and mortgage, the defendant, Clarke, joined in the assignment of the note; and, to give it further faith and credit, Clarke then and there, for value received, executed an agreement in writing on the back of the note, whereby he guarantied the payment of the note, principal and interest, and waived demand and protest for nonpayment. On August 23, 1892, Darrah sold, assigned and transferred the note and mortgage to one Samuel B. Pierce by an instrument in writing; which was duly recorded. Munch defaulted in the payment of interest upon the note due August 23, 1892, and the interest thereon due February 23, 1893, and thereupon Samuel B. Pierce commenced proceedings to foreclose said mortgage by reason of such default.

While the mortgage was being foreclosed the defendant, Clarke, and Samuel B. Pierce entered into an agreement in writing, reciting the making of said mortgage, and the facts and proceedings above stated, and therein stating that the mortgage foreclosure sale was set for June 19, 1893, and that Clarke had guarantied the payment of the mortgage debt, and desired that Samuel B. Pierce should, at said mortgage sale, purchase said premises for the full amount due upon said mortgage. It was thereupon agreed between said parties that said Pierce should purchase said premises for the full amount due upon the mortgage, but that the same should not be deemed in any sense a payment of such mortgage, as between said Clarke and Pierce, but that Pierce should continue to have and hold a personal obligation against Clarke, as if no foreclosure had been made, and that Pierce might take all lawful means to collect and enforce such personal obligation.

It was also agreed that, whenever Clarke should pay to Pierce the

amount due upon said mortgage debt, then Pierce should convey the premises, or assign the certificate of foreclosure sale, as the circumstances of the case might require. It was also agreed that the obligation between the parties should remain precisely as though no sale or foreclosure had been had, and the terms and conditions of the note guaranteed by Clarke should remain in full force and effect, and that the purchase of said premises should operate as payment only in so far as it might concern the maker of said obligation, but not in so far as it might affect Clarke; the latter agreeing to pay all expenses of the foreclosure. This agreement was not signed by Pierce in person, but by one Charles H. Clark, who was the agent of Pierce and orally authorized by Pierce to make said agreement for him.

Thereupon Pierce foreclosed said mortgage in accordance with the terms of said agreement, and on June 19, 1893, bid off the premises covered by the mortgage for the sum of $7,574.36, being the total amount of the mortgage debt, interest and expenses, and took the sheriff's certificate of sale in his name, which was duly recorded. No redemption was made from said sale. Defendant, Clarke, paid the interest upon said note up to February 23, 1896, amounting to $1,350, but made no further payment. Samuel B. Pierce assigned said note and his interests thereunder, in writing, to the plaintiff, J. Homer Pierce, on December 13, 1893, and at the same time executed under seal, acknowledged and delivered to the plaintiff an assignment of said note and mortgage; and the assignment was duly recorded January 29, 1894. Samuel B. Pierce was an unmarried man at the time he made the assignment and at the time of his death, which occurred before the commencement of this action. It further appears from the record that plaintiff has not parted with his rights secured by said foreclosure, and the transfer of the note and mortgage to him, as above stated, and that he is ready and willing to execute a conveyance of said mortgaged premises to the defendant upon his paying plaintiff the amount due upon said note sued upon in this action. The trial court ordered judgment in favor of the plaintiff for the sum of $6,750, and interest at the rate of 8 per cent. per annum from February 23, 1896, and the defendant appeals.

The defendant contends that the instrument upon which the plaintiff bases his rights in this case is void, under the statute of frauds, for the reason that it is a contract for the sale of land or an interest therein, and is not in writing subscribed by the party to whom the sale was to be made, or by his lawful agent thereunto authorized in writing. It must be conceded that the instrument in question was not subscribed by Pierce in person, but was subscribed by his agent, Charles H. Clark, and that he was not authorized in writing to do so. Our statute of frauds (G. S. 1894, § 4212) provides that every contract for the sale of lands, or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof expressing the consideration, is in writing, subscribed by the party by whom the sale is to be made, or by his lawful agent thereunto authorized in writing. This language seems explicit. The party to be charged in this contract, and against whom it is sought to be enforced, is Samuel B. Pierce. He did not subscribe it, nor did his agent do it for him by any act authorized in writing.

The English statute of frauds differs from ours. That provides that no action shall be brought upon such contracts unless they are in writing, and signed by the party to be charged, and hence they cannot be enforced upon mere oral proof. See distinction between English statute and ours, as pointed out in Brandeis v. Neustadtl, 13 Wis. 142; McWhorter v. McMahan, 10 Paige, 386, 395. In some instances, perhaps in many, under the English statutes, such contracts would not be absolutely void, as under ours.

It is proper here to call attention to an erroneous statement as to the effect of our statute found in the case of Hagelin v. Wacks, 61 Minn. 214, 216, 63 N. W. 624. The writer hereof, who wrote the opinion in that case, stated that the statute of frauds does not declare oral contracts as to estates or interests in lands void, but merely that they are not enforceable by action; citing Trowbridge v. Wetherbee, 11 Allen, 361; Lowman v. Sheets, 124 Ind. 416, 24 N. E. 351. Such is not the law under our statute, because it makes such contracts void. Evidently the writer had in mind the English statute, which does not declare such contracts void, but nonenforceable by action.

The question now arises, is the contract under consideration within the inhibition of the statute? It provides that at foreclosure sale Samuel B. Pierce shall purchase the premises described in his mortgage for the full amount due upon the mortgage debt, and when Ross Clarke, the other party to the contract, pays the same to Pierce, then the said Pierce shall convey the premises, or assign the certificate of mortgage sale, as the circumstances of the case may require. It is difficult to see how this is not a contract for the sale of an interest in land, and, if so, it is void, because the contract was not signed by Pierce, nor by his agent authorized thereunto in writing.

That the contract provides for the future vesting of the right in the land by assignment of the certificate, or by conveyance of the same, does not change the rule. It simply leaves the contract executory, but the right to be acquired in the land is precisely the same as though the contract was immediately fulfilled, and certainly this would convey an interest in land. We see no escape from this conclusion. Whether the interest to be acquired was a legal or equitable one would make no difference in the application of the statute. Browne, St. Frauds, § 229. We are of the opinion that this case is controlled by the case of Veazie v. Morse, 67 Minn. 100, 69 N. W. 637. The facts there are substantially the same as those in this case, and it was there held that the contract was within the statute of frauds, and void.

Order reversed.

START, C. J., dissents.