WILLIAM A. ROGAN, Admr., Appellant, *vs.* KATHERINE D. ARNOLD, Trustee, Appellee.

*Opinion filed February 20, 1908.*

1. STATUTE OF FRAUDS—*when covenant for renewal is not binding upon lessor.* A covenant for renewal contained in a lease for a term of three years, executed by a third person in the lessor's name without written authority to make a lease, is not binding, under the Statute of Frauds, upon the lessor; nor is it binding if inserted by such person after the lease was executed by the lessor and without her knowledge.

2. SAME—*when questions of effect of part performance do not arise.* Questions of the effect of full performance or part performance do not arise in a proceeding to specifically enforce a covenant for renewal of a lease, where the complainant, by his bill, bases his right upon a covenant contained in a written lease, whereas the evidence shows that no such covenant was ever made.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

ROGAN & STEVENS, (JOHN S. STEVENS, of counsel,) for appellant.

HAMLIN & BOYDEN, (LOUIS M. GREELEY, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This was a bill filed in the superior court of Cook county by William A. Rogan, as administrator of the estate of Warren Reifsnider, deceased, against Katherine D. Arnold, for the specific performance of a contract to renew a lease. The bill alleged that Warren Reifsnider at the time of his death was the owner of a leasehold interest in the premises in controversy by virtue of a written lease executed to him about October, 1902, by Katherine D. Arnold, as trustee under the will of her father, Isaac N. Arnold, for the term

of three years, commencing May 1, 1903, at a rental of
$250 per month, with a covenant for an additional term of
three years upon the same terms and conditions, at the op-
tion of the lessee. On March 31, 1906, appellant, as ad-
ministrator of the estate of Warren Reifsnider, notified the
appellee of his intention to renew the lease for a term of
three years, in accordance with the provision contained in
the lease of October, 1902, and requested of her a new lease
for such further term. After the receipt of such notice ap-
pellee refused to renew the lease and gave notice that she
expected the premises to be vacated upon its expiration, and
that if they were not then vacated she would proceed to ob-
tain possession thereof. On April 30, 1906, appellant filed
his bill for a specific performance of the covenant of re-
newal and for an injunction against proceedings to recover
possession pending the hearing. Appellee answered, deny-
ing that Warren Reifsnider was at the time of his death
the owner of the leasehold set forth in the bill or that she
ever executed the lease of October, 1902. The answer
averred that in January, 1903, a lease for a term of three
years was executed by her brother-in-law, Dr. Henry
Hooper, in her name, to Warren Reifsnider, but that said
lease was executed by Hooper without any authority in
writing therefor, and that the will of appellee's father, by
virtue of which she was acting, conferred upon her no au-
thority to execute a lease for that length of time. The an-
swer invoked the Statute of Frauds as a defense against
said lease and averred that the same was void and of no
effect. There are other allegations in the bill and answer,
but in the view we take of the case they are not material.
Upon a hearing in open court the bill was dismissed for
want of equity. The decree has been affirmed by the Ap-
pellate Court, and an appeal is now prosecuted to reverse
the judgment of the Appellate Court.

The evidence leaves it doubtful whether the lease was
signed by Katherine D. Arnold personally, or not. It is

not doubtful, however, that if it was signed by her personally it did not at the time contain the covenant for a renewal. The negotiation for the lease was between Dr. Hooper, Warren Reifsnider and the latter's son, Jesse. Dr. Hooper went away and the same day or the next day brought the lease back to be signed by Reifsnider. Whether it then bore the name of Miss Arnold signed to it is uncertain. It did not contain the covenant for renewal. That covenant was then inserted by Dr. Hooper, who then either signed Miss Arnold's name to the lease or added his initials to her name already appearing there, indicating that the execution was not by Miss Arnold personally. It is immaterial in which way the matter happened. This suit is to enforce the covenant for renewal. That covenant is not binding upon appellee by virtue of her having signed the lease, for it was not in the lease she signed. It is not binding upon her by reason of Dr. Hooper's execution of the lease in her name, because there is no evidence that he was authorized, in writing, to execute it.

It is insisted by appellant that the Statute of Frauds does not apply because the contract has been fully performed on his part. The extent of the doctrine sought to be availed of is, that where oral contracts for the sale of an interest in land have been executed by the delivery and acceptance of deeds and nothing remains to be done but the payment of money the Statute of Frauds does not apply, but if anything else is to be done the statute does apply. (*Curtis* v. *Sage,* 35 Ill. 22; *Chicago Attachment Co.* v. *Davis Sewing Machine Co.* 142 id. 171.) Full payment of the purchase money does not take a case out of the statute. (*Temple* v. *Johnson,* 71 Ill. 13.) While the testimony shows that the appellee had the lease in her possession for a time it does not show that she had any knowledge of the covenant which had been interpolated. If she had, in fact, signed the lease herself and it was taken by Dr. Hooper to the other party to be executed and was then returned to

her, there is no reason to presume that upon its being returned to her she read it over and discovered the interpolation.

The bill alleges that Warren Reifsnider held a lease in writing executed by the appellee and containing the covenant sought to be enforced. This was a material averment and is not sustained by the evidence. The complainant can not obtain relief on another state of facts not alleged in his bill. Questions of full performance or part performance by complainant do not arise, because he has in his bill based his right upon a covenant contained in a lease in writing, and the evidence does not show any such covenant.

*Judgment affirmed.*