## VICTOR HOLMSTROM v. LARS BARSTAD.[1]

November 12, 1920.

No. 21,898.

**Oral agreement not within statute of frauds.**

1. Plaintiff and defendant agreed to buy together a quarter section of land, each to take one eighty. Each then procured a contract from the owner for the purchase of one eighty, each agreeing to pay half the purchase price of the quarter section. It was agreed that the eighties were of equal value, except that on one eighty there were some buildings. It was accordingly agreed that defendant should pay plaintiff half the value of the buildings. *Held*, this agreement was not within the statute of frauds and was enforceable.

**Appeal and error — waiver of objection that decision is not supported by findings of fact.**

2. Objection that the findings of fact do not sustain the conclusions of

[1]Reported in 179 N. W. 737.

law may be raised on motion for new trial. But, if not there raised and the motion is made on other specific grounds, the objection cannot be raised on appeal from an order denying the motion.

Action in the district court for Marshall county to recover $250, one-half the value of certain buildings, for a lien for that amount on defendant's land and sale of it to satisfy the lien. The case was tried before Grindeland, J., who made findings and ordered judgment in favor of plaintiff. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*A. N. Eckstrom,* for appellant.

*Julius J. Olson* and *Rasmus Hage,* for respondent.

HALLAM, J.

Anders Korstad owned a quarter section of land in Marshall county. He was offering it for sale in one parcel for $3,500. Plaintiff and defendant were neighbors, each owning and occupying land adjoining Korstad's quarter section. The court found, in substance, that plaintiff and defendant agreed together that they would buy the quarter section and divide it between them, plaintiff taking the north eighty and defendant the south eighty, and they negotiated for its purchase. Plaintiff procured from Korstad a contract to convey the north eighty to him, and defendant procured a contract to convey the south eighty to him, each agreeing to pay to Korstad, $1,750.

On the south eighty there were some old buildings. The court found that plaintiff and defendant verbally agreed that the buildings were worth $500, and that otherwise the eighties were of equal value, and that defendant agreed to pay plaintiff half the value of the buildings, namely, $250. This action was brought to recover that amount.

The evidence amply sustains the finding that this agreement was made. Defendant contends, however, that the agreement was one for the sale of "an interest in land" and therefore void under our statute of frauds. G. S. 1913, § 7003.

The statute seems to us to have no application to the facts of this case. The agreement sued on was not one for the sale of an interest in land. The land was conveyed by Korstad by formal writing. The alleged ver-

bal agreement did not contemplate that plaintiff should become the owner of any interest in the buildings on defendant's eighty and was not an agreement to sell any such interest to defendant. Rosenstein v. Gottfried, 145 Minn. 243, 176 N. W. 844, therefore has no application. The agreement simply related to payment of the consideration, and was in effect a stipulation that, in view of the fact that plaintiff had paid more than his share of the consideration for the purchase of the quarter section, defendant would reimburse him in an equitable amount therefor. The statute of frauds does not prescribe the form of such an agreement. It may be verbal. 20 Cyc. 231.

Even if the contract can be said to be one for the sale of buildings by plaintiff to defendant, and therefore under the principle of Rosenstein v. Gottfried, supra, within the statute of frauds, the same result must be reached. Defendant has become possessed of the buildings. The statute is no bar to an action for the price of land actually conveyed, where the deed has been accepted or title has otherwise passed, although the grantor could not have been compelled to convey, or the grantee to accept a deed, because the contract was oral. 20 Cyc. 294; Page, Contracts (1905 ed.) p. 1084; Bibb v. Allen, 149 U. S. 481–497, 13 Sup. Ct. 950, 37 L. ed. 819; Worley v. Sipe, 111 Ind. 238, 12 N. E. 385; Greenlees v. Roche, 48 Kan. 503, 29 Pac. 590; Gardner v. Gardner, 106 Mich. 19, 63 N. W. 988; Thayer v. Luce & Fuller, 22 Oh. St. 62; Providence Christian Union v. Eliott, 13 R. I. 74; Niland v. Murphy, 73 Wis. 326, 41 N. W. 335; Willard v. Higdon, 123 Md. 447, 91 Atl. 577, Ann. Cas. 1916C, 339; Rogan v. Arnold, 233 Ill. 19, 84 N. E. 58. See also Hanson v. Beaulieu, 145 Minn. 119, 176 N. W. 178.

The aim and purpose of this section of the statute of frauds is to inhibit verbal contracts for the sale of land. When so much of the contract as would bring it within the statute has been executed, the mischief aimed at no longer exists and there is no reason why all the remaining stipulations should not then become enforceable precisely as if no part of the contract had been within the terms of the statute. 25 R. C. L. 705; Hagelin v. Wacks, 61 Minn. 214, 63 N. W. 624 (reversed on another point in Pierce v. Clarke, 71 Minn. 114, 73 N. W. 522); Satterfield v. Kindley, 144 N. C. 455, 57 S. E. 145, 15 L.R.A.(N.S.) 399, 12 Ann. Cas. 1098.

2. The court ordered judgment that the amount recovered be declared a lien upon defendant's eighty. Exception is now taken to this ruling. No exception was taken to it in the trial court. The objection should have been raised by motion to amend the conclusions of law. Had it been raised on motion for a new trial, it would have been the duty of the court, not to grant a new trial on that ground, but to correct the conclusions of law, if wrong. Farnham v. Thompson, 34 Minn. 330, 26 N. W. 9, 57 Am. Rep. 59; Lumbermen's Ins. Co. v. City of St. Paul, 82 Minn. 497, 85 N. W. 525.

The motion for a new trial was made on other specific grounds, and, on appeal from an order denying the motion, the defendant should be limited to those grounds. Anchor Inv. Co. v. Kirkpatrick, 59 Minn. 378, 384, 61 N. W. 29.

Order affirmed.