## CHARLES LINDGREN AND OTHERS v. W. H. BAILEY AND OTHERS.[1]

October 22, 1926.

No. 25,540.

**Ground for new trial not mentioned in motion before trial court cannot be raised on appeal from order denying motion.**

Where a motion for a new trial is made on specific grounds not including the claim that the conclusions of law are not sustained by the findings of fact, such claim cannot be raised on an appeal from the order denying the motion. Holmstrom v. Barstad, 147 Minn. 172, followed.

Appeal and Error, 3 C. J. p. 984 n. 17 New.

Action in the district court for St. Louis county to recover on an account stated. The case was tried before Fesler, J., who ordered judgment in favor of plaintiffs against defendant Bailey and in favor of interveners McCoy & Hansen. Plaintiffs appealed from an order denying their motion for a new trial as to interveners. Affirmed.

*Middaugh, Smythe & Wheeler*, for appellants.
*McCoy & Hansen*, for respondents.

WILSON, C. J.

Plaintiffs made a contract with defendant Bailey in which they agreed to cut and land on the St. Louis river all timber such as sawlogs, fence posts, pulpwood, posts and ties from certain lands and to put all of such logs afloat in the main channel of the river. Plaintiffs brought an action to recover an indebtedness of $2,477.40 arising out of this transaction on an account stated. A compromise settlement was made evidenced by a stipulation which included the execution and delivery of a $1,700 promissory note by defendant to plaintiffs. McCoy & Hansen, interpleaded as defendants herein,

[1]Reported in 210 N. W. 392.

guaranteed the note. Prior to the stipulation defendant claimed that plaintiffs had not performed their contract. By the terms of the stipulation the action was held pending performance of the contract of settlement. Plaintiffs now seek to recover thereon. The court found that since the making of the settlement contract plaintiffs had not strictly but substantially performed it. The court allowed a recovery by plaintiffs against defendant Bailey upon the note, but exonerated McCoy & Hansen from liability thereon upon the theory that the sureties have a right to stand on the precise terms of their contract. This appeal is from an order denying plaintiff's motion for a new trial as to McCoy & Hansen.

The motion for a new trial was based on the claim that the findings of fact were not justified by the evidence and for errors of law occurring at the trial. The sole question presented to this court is whether or not the conclusions of law are sustained by the findings of fact. This question was not presented to the trial court in the motion for a new trial. Hence it cannot be raised on appeal from such order. Holmstrom v. Barstad, 147 Minn. 172, 179 N. W. 737.

Affirmed.