## CARLISLE *v.* DUNN.

To sustain the money counts in assumpsit, it is in general necessary that there should have been money transactions between the parties.

ERROR to the *Jefferson* Circuit Court.

DEWEY, J.—Indebitatus assumpsit by *Carlisle* against *Dunn* for money lent, money paid and expended, and money had and received. Plea, general issue. Trial by the Court and judgment for the defendant.

It appeared in evidence that *Carlisle* had sold an ass and a colt to *Dunn*, in consideration of which *Dunn* assigned to *Carlisle* a note for 316 dollars and 75 cents and interest, without recourse. *Carlisle* brought suit against the makers of the note. They pleaded failure in part of the consideration, and sustained their plea. *Carlisle* recovered a judgment against them for 212 dollars only. There was some rather vague testimony as to the value of the ass and colt, but no price was expressly fixed upon them by the parties at the time of the trade. The object of this suit is to recover the amount lost by *Carlisle* in consequence of the partial failure of the consideration of the note. Whether that object can be effected in another form of action, we have not inquired. But it is evident, we think, that the testimony does not sustain the causes of action laid in this declaration. To sustain the money counts, it is in general necessary that there should have been *money* transactions between the parties. *Hatten* v. *Robinson*, 4 Blackf. 479.—*Taylor* v. *Higgins*, 3 East, 169.—*Maxwell* v. *Jameson*, 2 B. & Ald. 51.— *Cumming* v. *Hackley*, 8 Johns. 202.—*Wilson* v. *Coupland*, 5

May Term, 1841.

CARLISLE
v.
DUNN.

B. & Ald. 228.—*Wharton* v. *Walker*, 4 B. & C. 163. There is nothing in this cause to exempt it from the operation of the general principle. The plaintiff parted with no money or its equivalent, nor did the defendant receive money or any thing like it.

*Per Curiam.*—The judgment is affirmed with costs.

*S. C. Stevens*, for the plaintiff.

*M. G. Bright*, for the defendant.