Treece *v.* Treece.

## W. B. Treece *v.* Alfred Treece *et al.*

1. Chancery Practice and Pleadings. *Statute of frauds. Vendor and vendee. Specific performance of parol contract for sale of land being refused, vendee is entitled to value of permanent improvements in excess of rents and profits.* Where, upon bill filed by the vendee against the heir of the vendor, the specific performance of a parol contract for the sale of land is refused because within the statute of frauds, the vendee will be entitled to the value of the permanent improvements made with the knowledge of the vendor, even if that value exceed the rents and profits, and to any payments of the consideration made by him, with interest thereon, subject to an account of the rents and profits, with like interest, and to have any balance found in his favor declared a lien on the land.

2. Same. *Improvements. Value at time possession is surrendered.* The value of the improvements in such case is to be measured by the enhancement of the land by reason of the improvements as they exist at the time the possession of the land is surrendered by the purchaser.

3. Same. *Consideration of purchase. How account should be taken.* The consideration for the purchase of the land being the support by the purchaser of his mother for life, the proper mode of taking the account is to set off at the end of each year the expense of the support against the rent of that year, calculating interest on the balances on the principle regulating partial payments.

4. Same. *Parties. Dower.* A dowress of the land may in such case be made a defendant with the consent of the complainant, but unless she asks for an assignment of dower, her rights as dowress cannot be taken into consideration in the accounts ordered.

### FROM CLAIBORNE.

Appeal from the Chancery Court at Tazewell. H. C. Smith, Ch.

J. L. Rogers for complainant.

——— ——— for defendants.

COOPER, J., delivered the opinion of the court.

William C. Treece died intestate, leaving a widow and four children, two of whom were complainant W. B. Treece, and J. N. Treece, the father of defendant Alfred Treece. About the year 1868, J. N. Treece entered into a verbal agreement with W. B. Treece by which the latter was to take possession and control of a tract of land of which the intestate, William C. Treece, died seized and possessed, and which had continued to be occupied by the widow after his death. The agreement between W. B. Treece and J. N. Treece was, that W. B. Treece should take charge of the place, remain there, and support his mother during her life, and that J. N. Treece, in consideration thereof, would purchase the shares of the other two children in the land, and convey these shares as well as his own share, in all three undivided fourths, to the said W. B. Treece. The weight of testimony probably shows that the agreement was so worded as to secure the use of J. N. Treece's interest in the land to his mother, and that the land was only to go to W. B. Treece after her death. No stress has been laid in the argument upon the details of the agreement, but it has been treated as a parol contract of sale by the one brother to the other of his three-fourths interest for the consideration stated. And it is conceded that complainant has complied with his part of the contract. J. N. Treece died in 1878, leaving as his only heir one child, the defendant, Alfred Treece. This bill was filed, March 25, 1879, against the heir

and personal representative of J. N. Treece, for the specific execution of the contract, and if this could not be done, for the recovery of the consideration paid for the land and the value of permanent improvements. The personal representative of J. N. Treece pleaded in abatement of the suit that it was commenced within six months from the date of his qualification, and the plea was found true in fact, and the bill dismissed as to him. The heir of J. N. Treece demurred to so much of the bill as sought a specific execution of the contract, upon the ground that the contract was shown to be in parol, and the demurrer was sustained. The correctness of these rulings is conceded. The chancellor ordered an account, reserving all questions, and upon the report, and the exceptions thereto, held the complainant was not entitled to recover anything for the support of the mother as consideration paid on the contract, but found a balance due to him upon the account for improvements after deducting rents, charged the same on the land, and ordered defendant's interest to be sold in satisfaction thereof. Defendant appealed.

It is well settled in this State that where a decree for the specific performance of a parol sale of land is refused because within the statute of frauds, the vendee will be entitled to the value of the permanent improvements made with the knowledge of the vendor, even if that value exceeds the rents and profits, and to any payments of the consideration made by him, subject to an account of the rents and profits, and to have any excess in the value of the improvements and

the payments of purchase money declared a lien on the land. *Mathews* v. *Davis*, 6 Hum., 324; *Herring* v. *Pollard*, 4 Hum., 362. The rule is the same as to the improvements in the case of a parol gift of land, where the rents and profits, although they could not be claimed by the owner, would, upon principles of natural equity, enter as a necessary element into the compensation. *Ridley* v. *McNairy*, 2 Hum., 174. The value of the improvements in both cases is to be measured by the enhancement in the value of the land occasioned by the improvements as they exist at the time the possession of the land is surrendered by the purchaser. *Smithson* v. *Inman*, 2 Baxt., 88. If the improvements have been destroyed by fire, or have deteriorated in value by use, the loss must fall upon the purchaser. *Greenlaw* v. *Williams*, 2 Lea, 542.

With these principles before us, there is no difficulty in determining the rights of these parties. The proof leaves no doubt that complainant took possession of the land under the parol agreement with his brother, and made the improvements and received the rents and profits with the full knowledge and consent of the brother, and supported his mother. If the rents of J. N. Alexander's three-fourths of the land are to be considered as a gift by him to the mother, neither he nor his heir could subsequently claim them, and if they enter, upon principles of natural equity, as a necessary element into the compensation for the improvements, they could not do so more advantageously to the infant defendant than they would upon the contract alleged in the bill. Under that contract, re-

scinded because in parol, the complainant is entitled to any payments made by him of the consideration agreed upon, to the value of the permanent improvements at the time he surrenders possession, and to the taxes paid, subject to account for the annual rents. The annual expense of supporting the mother would constitute a yearly payment of the purchase money under the contract.     If this cost exceeded the rents, the complainant would, in either event, be entitled to recover such excess.     If the expense fell short of the share of J. N. Treece in the rents, it is to the interest of the infant that complainant should be charged with the excess of rents.     The expense of supporting the mother should, at the end of each year, be set off against the rent for that year, and interest calculated on the balance up to the date of any payment or set-off which exceeds the interest, or if no such payment or set-off be found, then to the date of taking the account.     The account should, in other words, be taken upon the principle regulating partial payments, so that interest be not compounded.     The value of the improvements will be ascertained as of the date of the surrender of the possession of defendant's share of the land to him, and will then be brought into the account.

The chancellor seems to have thought that complainant's remedy for the recovery of the cost of supporting the mother was against the personal representative of J. N. Treece.     But the support of the mother constituted the purchase money of the land, and is, like the value of the improvements, a lien upon the

15—vol. 5.

land, and a necessary element of an account of the *mesne* profits upon a recovery of the land, even against the heir of the vendor. *Hilton* v. *Duncan,* 1 Cold., 314. The chancellor made no decree as to the mode and time of estimating the enhancement of the value of the land by the permanent improvements. The master had no instructions to guide him, and seems to have looked rather to the general improvement of the land between the time the complainant took possession and the taking of the account, than to the permanent enhancement at the date of the surrender of possession by the improvements in their then condition.

The widow was properly allowed to come in and set up her claim to the property, the complainant consenting, and it may be without consent. *Hill* v. *Bowers,* 4 Heis., 275; *Stretch* v. *Stretch,* 2 Tenn. Ch., 140. She has not asked for the assignment of dower, and until she does, the question of dower cannot be taken into consideration in the accounts ordered.

The chancellor's decree will be reversed, the account heretofore taken set aside, and a decree and reference entered in accordance with this opinion, and the cause be remanded to be proceeded with. The costs of this court will be equally divided between complainant and defendant Alfred Treece.