(Opinion published 51 N. W. Rep. 817.)

<hr/>

## AVERY HERRICK *vs.* JOSEPH NEWELL.

Submitted on briefs Jan. 26, 1892. Decided March 24, 1892.

**Action for Money Had and Received.**—If one who has made an oral, and hence invalid, agreement for the sale of standing timber, and who has received the purchase price, refuses to allow the purchaser to cut and remove the timber in accordance with the agreement, or disables himself from allowing the purchaser to do so, (as by selling the real estate to another,) he may be compelled to repay the purchase price.

**Title to Real Estate not in Question.**—An action to recover such purchase price held not to involve an issue of title to real estate; the real issue being what period of time had been agreed upon for the removal of the timber.

Appeal by plaintiff, Avery Herrick, from a judgment of the District Court of Fillmore County, *Farmer*, J., entered July 18, 1891, in favor of defendant, Joseph Newell, for $17 costs and disbursements.

*E. C. Boyd* and *Gray & Thompson*, for appellant.

*Henry R. Wells*, for respondent.

DICKINSON, J. This action was commenced in the court of a justice of the peace. The plaintiff recovered a judgment for $4.25. The defendant appealed to the district court on questions of law

alone, and the judgment of the justice was reversed. The plaintiff then appealed to this court.

The complaint is sustainable, as showing that the defendant assumed to sell to the plaintiff a half acre of standing timber, and agreed that the latter might at any time enter upon the land, and cut and take away the timber; that the plaintiff paid the defendant therefor $8.50, the price agreed upon; that the defendant violated his agreement, by afterwards selling and delivering the timber to another person; and that he had refused to pay back the purchase price. The answer admits the sale, but raises an issue as to the time allowed to the plaintiff for the removal of the timber; and upon this point the evidence was conflicting. The evidence showed that the agreement of sale was orally made, and that, when the plaintiff had removed about one half of the timber, the defendant sold and conveyed the land to another person, without any reservation in favor of the plaintiff, and that the latter was prevented from getting the remainder of the timber.

In the course of the trial the defendant moved that the trial be suspended, and that the cause be certified to the district court, on the ground that the title to real estate was involved. The reversal of the justice's judgment by the district court seems to have been based chiefly on the refusal of the justice to grant that motion. We think that the ruling of the justice was right. The trial of title to real estate is not within the jurisdiction of justices of the peace; and in the trial of an action, "if it appears   *   *   *   from the evidence of either party that the title to real estate is involved, which title is disputed by the other party," the justice is required to suspend the trial, and certify the case to the district court. 1878 G. S. ch. 65, § 37. It must, however, appear from the evidence that there is a real controversy as to title, before the statute becomes applicable. *Radley* v. *O'Leary*, 36 Minn. 173, (30 N. W. Rep. 457,) and cases cited.

It was perfectly apparent from the evidence in this case that there was no real controversy as to the title to the standing timber. Confessedly the oral agreement was ineffectual as a sale, the statute of frauds not permitting real property to be thus sold. The plaintiff

offered no evidence tending to show a title to the property, or any claim of title in himself. His right of recovery did not rest upon the ground that by the agreement and the payment of the price the title had passed to him. He showed merely an agreement, ineffectual as a sale, but effectual as a license until it was revoked. He showed the payment of the price or consideration for the agreement of the defendant, and that the latter had disabled himself from performing on his part by selling and conveying the land, including the uncut timber, to another person. The plaintiff was therefore entitled to recover the price paid, or a proper proportion of it. *Bennett* v. *Phelps*, 12 Minn. 326, (Gil. 216;) *Taylor* v. *Read*, 19 Minn. 372, (Gil. 317.) The controversy as to the period of time agreed upon within which the plaintiff should remove the timber, or, in other words, the stipulated duration of the license, involved no question of title.

It is immaterial that Roseth, to whom the defendant sold and conveyed the land, may have had oral notice of the agreement. That did not qualify the effect of the deed conveying the property to him. The license was revocable, and he revoked it by forbidding the cutting.

The cause of action shown by the evidence was within the allegations of the complaint, and there was no failure of proof.

The judgment of the district court is reversed, and the cause will be remanded to that court, with directions to enter a judgment affirming the judgment of the justice of the peace.

(Opinion published 51 N. W. Rep. 819.)