## VOLK v. OLSEN.

### (Supreme Court, Appellate Term.  May 16, 1907.)

1. FRAUDS, STATUTE OF—PURCHASE OF REAL ESTATE—BUILDINGS.

An oral contract, by which plaintiff agreed to pay $500 for certain old buildings and to remove them from the land on which they stood, was a contract for the sale of an interest in land, within the statute of frauds, and unenforceable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Frauds, Statute of, §§ 122, 123.]

2. LICENSES—REMOVAL OF BUILDINGS.

An oral contract, authorizing plaintiff to enter defendant's land for the purpose of removing certain buildings, was valid as a license.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Licenses, § 104.]

3. CONTRACTS—BREACH—TENDER.

Plaintiff could not maintain an action for breach of a contract to purchase and remove certain buildings on defendant's land for $500, without proof of a tender of the price.

4. TENDER—FORM—CHECKS.

Tender of a check for the price of property purchased is insufficient.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Tender, § 29.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Jacob Volk against Anton L. Olsen.  From a Municipal Court judgment in favor of plaintiff, defendant appeals.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Nathan Ottinger, for appellant.

Louis Lange, for respondent.

BRADY, J.  Taking the testimony of plaintiff to be absolutely true, it appears that the defendant was the owner of certain buildings, the demolition of which he contemplated for the purpose of erecting a large building upon their site.  The plaintiff orally agreed to remove the old buildings and pay therefor the sum of $500, and the defendant agreed to accept that amount.  The buildings as they stood were assuredly real estate.  Not being in writing, the contract was void.  So far as the agreement allowed the plaintiff to enter upon the land, it was a license, and legal, though oral (Dubois v. Kelly, 10 Barb. 496); but, so far as it permitted the removal of the buildings and granted an interest therein, it was for the sale of an interest in land, and void. If the seller is to sever the thing from the land and deliver it, the contract may be oral; but, if the buyer is to sever it and take it away, the case is within the statute, and the contract must be in writing. Bishop on Contracts (2d Ed.) 1907, § 1293; Green v. Armstrong, 1 Denio, 551; Killmore v. Howlett, 48 N. Y. 570; Vorebeck v. Roe, 50 Barb. 302.  If, on the other hand, the agreement be considered one for the sale of goods or chattels, it was void under section 21, Real Property Law (chapter 417, p. 510, Laws 1897), as the value exceeded $50, and the buyer did not receive any part of the goods nor pay any part of the purchase price.

Again,. the action is brought for damages for breach of contract. The plaintiff was bound to tender the purchase price. This was not done. Tender of a check, even if made, was not sufficient. On the question of preponderance of evidence, the burden was upon the plaintiff. We do not think he sustained the burden. His testimony stands contradicted by that of the defendant and of another witness whose disinterestedness is not attacked.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE, P. J., and SEABURY, J., concur in result.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.