JOHN A. TODD v. WILLIAM J. BETTINGEN.[2]

January 21, 1910.

Nos. 16,120—(5).

**Action for Money Received — Pleading — Statute of Frauds.**

The complaint for money had and received set forth: Pursuant to an oral agreement, plaintiff delivered to defendant shares of stock of the value of $31,500. Defendant delivered to plaintiff shares of stock in another company of the value of $11,000, but failed and refused to convey to plaintiff a tract of land he had agreed to transfer to him. The contract was void under the statute of frauds. Plaintiff prayed for judgment for $20,500. On demurrer it is *held:*

1. The action for money had and received may lie, although the parties sought to be charged had received, not money, but other form of property.

a. That action is in the nature of an equitable remedy to compel one unjustly enriched at the expense of another to disgorge.

b. Code pleading intends to administer practical justice, unhampered by the artificial restrictions and technicalities of mere form of action, or by the observance of strict demarcation between law and equity.

c. Consistency, expediency, and authority concur in justifying its use under the present circumstances.

d. It is immaterial to plaintiff's right to recover that the contract was void. The law imposes on defendant the duty to return what he had received thereunder, or its value, as being held by him on a consideration which has failed.

[1] R. L. 1905, § 4462 [Reporter].
[2] Reported in 124 N. W. 443.

2. An allegation of demand on defendant by plaintiff for the stock plaintiff had delivered was not necessary.

3. The complaint did not seek to recover damages in lieu of a sum definite and certain.

4. The party seeking to recover as for money had and received in the value of property other than money delivered by him to the party sought to be charged must allege the return or tender of specific property delivered to him by that party, or must allege excuse for his failure so to do.

a. A party to a contract void under the statute of frauds does not act fraudulently or illegally in asserting its bar, nor is he to be penalized for so doing. The inequitable conduct of this defendant consisted in an attempt to enrich himself at plaintiff's expense, and not in pleading that statute.

b. The law of quasi contracts proceeds upon the obligation of the party sought to be charged to make restitution. Its fundamental principle is that the party must be placed in statu quo so far as reasonably may be.

Action in the district court for Hennepin county to recover $20,500 as and for money had and received. Defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. From an order, Simpson, J., overruling the demurrer, plaintiff appealed. Reversed.

*Harris Richardson* and *Harold C. Kerr,* for appellant.

Plaintiff seeks to recover a part of the consideration for an entire contract. He does not allege that he ever notified appellant that the contract was rescinded or that he has restored or offered to restore the stock that he took under it. It was in large part performed. 1 Chitty, Pl. 355; Hunt v. Silk, 5 East, 449, and Beed v. Blandford, 2 Y. & J. 278, are strong cases; Miner v. Bradley, 22 Pick. 457; Cook v. Gilman, 34 N. H. 556; Smart v. Gale, 62 N. H. 62. Plaintiff is really seeking to retain all of the property to which he could get title and recover a proportionate part of the purchase money for the rest, although the transaction was entire. This he cannot do. Johnson v. Johnson, 3 B. & P. 162; Young v. Wakefield, 121 Mass. 91.

It was necessary for plaintiff to plead the Dakota statute of frauds relating to land transactions. Myers v. Chicago, St. P., M. & O. Ry. Co., 69 Minn. 476.

*Wilson & Mercer,* for respondent.

The demurrer admits the receipt of the stock, and $20,500 as the proceeds thereof, and its keeping without pay. This is enough according to the rules of this court. Bennett v. Phelps, 12 Minn. 219 (326); Johnson v. Krassin, 25 Minn. 117; Wyvell v. Jones, 37 Minn. 68; Pressnell v. Lundin, 44 Minn. 551; Payne v. Hackney, 84 Minn. 195; Proctor v. C. E. Stevens Land Co., 94 Minn. 181; Taylor v. Read, 19 Minn. 317 (372); Herrick v. Newell, 49 Minn. 198; Kicks v. State Bank, 12 N. D. 576; Parks v. Fogleman, 97 Minn. 157.

The contract being repudiated by respondent, and held by this court to be void under the statute of frauds, nothing was left to terminate. Todd v. Bettingen, 98 Minn. 170; Smith v. Lamb, 26 Ill. 397; Russell v. Gillmore, 54 Ill. 147; Richards v. Allen, 17 Me. 296; Bennett v. Phelps, supra; Taylor v. Read, supra; Reynolds v. Franklin, 41 Minn. 279.

The complaint which this demurrer admits gives credit to defendant for the full value of his stock, and demands judgment only for the excess consideration. Herrick v. Newell, supra. Under the rule of equitable offset here applied, actions were maintained before the praetor (equity judge) in Rome. This was done under the theory that "de obligationibus quasi ex contractu" applied. Sandar, Justinian, p. 465; Moses v. Macferlan, 2 Burr. 1011; Day v. New York, 51 N. Y. 583; Day v. New York, 89 N. Y. 616; Richards v. Allen, supra; Chapman v. Rich, 63 Me. 588; Hill v. Rewee, 11 Metc. (Mass.) 268; Mansfield v. Trigg, 113 Mass. 350, 354.

The ultimate fact of the statute of frauds of North Dakota was pleaded. It will be shown by evidence as any other fact, without pleading that evidence. Berney v. Drexel, 33 Hun, 34; 16 Cyc. 851; Graham v. Williams, 21 La. An. 594; U. S. v. Teschmaker, 22 How. 392; People v. Lon Yeck, 123 Cal. 246.

JAGGARD, J.

This case has been before this court on other issues (98 Minn. 170, 107 N. W. 1049), in which the complaint was construed to set forth a cause of action for recovery of damages upon breach of a contract, void under the statute of frauds.

The complaint in this action was for money had and received. So far as here involved, it set forth: Pursuant to an oral agreement, plaintiff delivered to defendant shares of stock of the value of $31,500. The defendant delivered stock in another company of the value of $11,000, but failed and refused to convey a described tract of land which he had contracted to transfer. The contract was void under the statute of frauds. Plaintiff sought to recover the full value of his stock less the value of defendant's stock. He demanded judgment for the excess of consideration. Defendant demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action. This appeal was taken from the order overruling the demurrer.

1. The first controversy to be determined is whether, in any view, the action in its present form can be maintained. Because the defendant did not receive money from the plaintiff, can he recover for money had and received? It has frequently been said "it must in general appear that the defendant has received money, and not merely money's worth, as stock or goods," in order that he may recover for money had and received. 1 Chitty, Pl. 351. And it has, indeed, been held that the action will not lie where no money has been received. Nightingal v. Devisme, 5 Burr. 2589. And see Jones v. Brinley, 1 East, 1; Taylor v. Higgins, 3 East, 169; Morrison v. Berkey, 7 Serg. & R. 238; Beardsley v. Root, 11 Johns. 464, 6 Am. Dec. 386; Dean v. Mason, 4 Conn. 428, 10 Am. Dec. 162; Carlisle v. Dunn, 5 Blackf. 605; Updike v. Armstrong, 3 Scam. 564; Boyer v. Bullard, 102 Pa. St. 555, 558; Burnap v. Partridge, 3 Vt. 144; Moyer v. Shoemaker, 5 Barb. 319. There are other authorities to the same effect.

None the less we are of opinion that the action for money had and received lay, although the defendant did not receive money, but stock, from the plaintiff. The fundamental theory of this action is nowhere better stated than by Lord Mansfield. We quote his views at some length, because of the misapprehension of the nature of the action which has appeared from time to time in arguments before this court. In Moses v. Macferlan, 2 Burr. 1005, at page 1012, he says:

"This kind of equitable action, to recover back money, which ought · not in justice to be kept, is very beneficial, and therefore much en-

couraged. It lies only for money which, ex æquo et bono, the defendant ought to refund; it does not lie for money paid by the plaintiff, which is claimed of him as payable in point of honor and honesty, although it could not have been recovered from him by any course of law, as in payment of a debt barred by the statute of limitations, or contracted during his infancy, or to the extent of principal and legal interest upon an usurious contract, or for money fairly lost at play, because in all these cases the defendant may retain it with a safe conscience, though by positive law he was barred from recovering. But it lies for money paid by mistake, or upon a consideration which happens to fail, or for money got through imposition (express or implied), or extortion, or oppression, or an undue advantage taken of the plaintiff's situation, contrary to laws made for the protection of persons under those circumstances. In one word: The gist of this kind of action is that the defendant, upon the circumstances of the case, is obliged by the ties of natural justice and equity to refund the money. * * *"

Even at common law the remedy was considerably extended, and its further extension commended. In Longchamp v. Kenny, 1 Douglas, 137, Lord Mansfield said: "Great benefit arises from a liberal extension of the action for money had and received, because the charge and defense in this kind of action are both governed by the true equity and conscience of the case." The difficulty encountered at common law, that a court of law may in this form of action go too far in the doctrine of equitable rights (Lord Alvanley, C. J., in Johnson v. Johnson, 3 B. & P. 162, at page 169), is not presented in jurisdictions which, like this, are governed by the so-called code pleading. A fortiori, the extension should be favored in such a jurisdiction.

That system of pleading is designed to administer justice unhampered by the artificial distinctions and technicalities of the mere form of action, or by the observance of strict demarcation between law and equity. The inadequacy of a remedy under its traditional limitations is rarely a controlling objection to its use. This court has for convenience adopted the use of the common counts, and has sometimes under the circumstances presented enforced the

distinctions between the various particular forms as between the counts for labor performed and services rendered and the counts for moneys paid for goods sold and delivered, for moneys paid, and for moneys had and received. But such distinctions under different circumstances have been ignored. Certainly no rule has been announced as to the limitations on the present count which must here be slavishly adhered to at the expense of practical justice. There is neither reason nor logical precedent for laying stress upon the difference between an action "for money had and received" and one "as for money had and received." The fundamental theory of the action to compel one who is unjustly enriched at the expense of another to disgorge applies equally whether the cause of action arose through the retention of money or of tangible property which is not money.

On principle, the dictates of consistency and expediency justify the use of the count for money had and received, although the party sought to be charged has received, not money, but other property.

This court has, indeed, repudiated the doctrine for which defendant contends. This was practically done in Wyvell v. Jones, 37 Minn. 68, 33 N. W. 43. It is true that the action in that case was not for money had and received, but for goods sold and delivered. However, consistently with the tendency of the court not to place great importance upon this distinction, it based its opinion expressly upon, and followed, Bennett v. Phelps, 12 Minn. 216, 219 (326), and Taylor v. Read, 19 Minn. 317 (372), in both of which the forms of action were for money had and received. It is true, however, that in Bennett v. Phelps, 12 Minn. 216, 219 (326), the cattle were taken at an agreed value and detained as payment of that amount. In Proctor v. Stevens Land Co., 94 Minn. 181, 102 N. W. 395, it was expressly held that "the vendee of an executory contract may recover, as for money received, the value of a stock of merchandise turned over to the vendor to apply upon the purchase price of land, upon a failure on the part of the vendor to comply with the agreement to convey." It is true that the action sought to cancel a contract for the sale of land on the ground of fraud; but, true to its disregard of mere forms of actions, Lewis, J., said at page 185 of 94 Minn., and page 397 of 102 N. W.: "The question of fraud is immaterial in this case in determining the

rights of the parties. Conceding that defendant was acting in good faith, and expecting to perfect title, plaintiffs were entitled to recover what they advanced as money had and received, and the complaint is comprehensive enough for that purpose. Taylor v. Read, 19 Minn. 317 (372); Herrick v. Newell, 49 Minn. 198, 51 N. W. 819; Kicks v. State Bank, 12 N. D. 576, 98 N. W. 408." That the court may at other times have uttered general statements somewhat inconsistent with this may be true. In such cases the rule announced must be limited to the particular facts under consideration.

The courts of other states accord with this holding. In Day v. New York, 51 N. Y. 583, 89 N. Y. 616, plaintiff conveyed land to defendant railroad company under a parol agreement void because not to be performed within a year, under agreement that the railroad company should temporarily keep thereon certain live stock in course of transportation. The railroad company, having performed for a time, repudiated the agreement. It was held that the plaintiff could recover the value of the land, with a deduction for the value of partial performance. That case, approving Richards v. Allen, 17 Me. 296, pointed out that there was a verbal contract between the plaintiff and defendant for the purchase and sale of a farm. Plaintiff had delivered to defendant upon contract a quantity of brick and a yoke of oxen. After the plaintiff had been in possession of the farm for about twenty years, defendant conveyed it to another person and refused to convey back the brick and oxen. Suit was brought in assumpsit for the value of the brick and oxen, and it was held that he could recover, but that he must allow for the use of the land. And see Chapman v. Rich, 63 Me. 588; Willie v. Green, 2 N. H. 333; Treece v. Treece, 73 Tenn. 221.

In conclusion, it is immaterial that the contract under which plaintiff seeks to recover was void. The principle is well settled that a defendant, relying on the statute of frauds, is liable for benefits received. Keener, Quasi Contracts, p. 277, § 2, at page 288. In Jarboe v. Severin, 85 Ind. 496, 499, it was said that the promise which the law implies against a vendor in default under a contract to which the statute of frauds applies is "that the vendor, unable or unwilling to perform his special agreement, will return whatever he had re-

ceived thereunder, or its value, as being held by him upon a consideration which has failed."

2. Under the circumstances here involved the complaint is not demurrable because it failed to allege demand on defendant as an essential to a conversion by him of the stock plaintiff had delivered. The defendant was unjustly enriched at plaintiff's expense; that is sufficient. It may be conceded that circumstances might appear in a given case in which the injured party might be compelled to resort to a remedy by replevin or the like, and that he might not be able to maintain an action for damages until he had shown a demand and refusal by the person he sought to charge. Primarily, however, plaintiff is entitled to be restored to his original condition. No reason is here presented for requiring him to show a conversion by defendant. It does not appear, for example, that the present value of the stock is as great as when the present cause of action accrued. Moreover, it is alleged by the complaint that defendant is not and has not been a resident within the jurisdiction. Inferentially the stock was not attachable, nor subject to an action for claim and delivery, because its situs is presumptively where he resides. It is to be borne in mind that this is a demurrer, and that the complaint has the presumptions in its favor. This, moreover, was an action at law, in a form sanctioned by this court, and not a bill in equity, in which it would be appropriate enough to set forth facts showing the inadequacy or nonavailability of other remedies.

3. Defendant further urges that the action does not lie, because it is in fact an action to recover damages for plaintiff's failure to get the elevator, and—as it must be (1 Chitty, Pl. 352)—for a particular or certain sum. The complaint itself, however, contradicts this contention. If there were here no other objection to it, it would be valid.

4. A vital controversy arises concerning the fact that the complaint did not set forth that plaintiff had given or offered back the stock he had received from defendant. The defendant was not acting fraudulently or illegally in asserting the statute of frauds. He is not to be penalized on that account. "The defendant, in pleading the statute of frauds, simply avails himself of his statutory right, and does

nothing inequitable; that is, nothing that a court can say is inequitable. His inequitable conduct consists in his attempting to enrich himself at the plaintiff's expense, not simply in pleading the statute of frauds." Keener, Quasi Contracts, 287. The fundamental principle is that in any case the purchaser must place the other party in statu quo so far as it is practicable for him to do so.

There was here no contract to guide the court in adjudicating the rights of the parties, because the agreement made was void. The relief obtainable, however, resembles that granted in case of a justified rescission of a contract. In such a case it is clear that there must be a restoration, or an offer to restore, to the plaintiff, in an action to recover the consideration paid, whatever was received by virtue of the contract. Such a plaintiff must restore, or an offer to restore must be alleged in the complaint. Start, C. J., in Ritko v. Grove, 102 Minn. 312, 313, 314, 113 N. W. 629. We have used the term "resembles" deliberately, for, we reiterate, there was no contract to be rescinded. The case of rescission, however, presents an analogous rule. It is elementary that the primary obligation of defendant in an action for money had and received is to make restitution. Keener, Quasi Contracts, p. 277, § 2, at page 286. The defendant is under obligation to restore specifically to the plaintiff that which he received from him. Id. A fortiori, the obligation of specific restitution is imposed on the plaintiff himself.

The allegation of restitution or of tender is not, of course, invariably necessary. It may have become justly impossible or impracticable for plaintiff to return in specie. Thus, in Wright v. Dickinson, 67 Mich. 580, 589, 35 N. W. 164, 169, 11 Am. St. 602, Champlin, J., said: "A void contract needs no rescission. But if these contracts were valid, and the plaintiff * * * rescinded the contract, he could do so under the circumstances of this case without either tendering performance or placing the party in statu quo. Through procrastination and delay, for which he was not in fault, the subject-matter of the contracts which formed his inducement to purchase has been destroyed. Under such circumstances, must he tender the purchase money? It would be unreasonable to require it. Must he place the defendants in statu quo? That is impossible. *

\* \* The only thing he can do is to restore its money equivalent, and that he offers to do. In cases where, acting in good faith, property has been so changed or lost that it cannot be restored in specie, and where its value is capable of being ascertained, a party entitled to may rescind a contract, although he cannot place the other party in statu quo. That is the law of reason, and it is the law of justice. \* \* \* "

The plaintiff must accordingly allege return or tender or set forth a set of facts which would excuse its absence. Any other view would involve a practical repeal of the part of the statute of frauds applicable. A plaintiff presumptively able to make a restitution could otherwise retain what defendant had delivered to him and sue for value of what defendant had failed to deliver him. This would amount to the enforcement of the contract as valid notwithstanding the statute. The law does not permit the injured man to thus indirectly enforce a contract which he could not enforce directly.

Plaintiff has called our attention to a number of cases which he insists sustain the sufficiency of the credit given by the complaint to the defendant for the full value of his stock. We have examined all the cases to which he has called our attention. None of them satisfactorily sustain the position for which he contends. Thus in Herrick v. Newell, 49 Minn. 198, 51 N. W. 819, plaintiff had completely and defendant had partially performed the contract, which there as here was void so far as unperformed. The opinion, however, is based on the fact that it was not in plaintiff's power to restore the original status. "He showed the payment of the price or consideration for the agreement of the defendant, and that the latter had disabled himself from performing on his part by selling and conveying the land, including the uncut timber, to another person." This was then a case in which restitution was impossible. So in Bennett v. Phelps, 12 Minn. 216 (326), defendant had conveyed the real estate to a third person. In Richards v. Allen, supra, defendant had by his own act deprived himself of the power of fulfilment. In Chapman v. Rich, supra, the same situation was presented. In Day v. New York, supra, the question of tender was neither considered nor determined, but the court said at page 592: "The agreement cannot

be enforced. Neither party can in this action be allowed any benefit from it or any damage from its breach." Moses v. Macferlan, supra, which refers to Dutch v. Warren, M. 7 Geo. I. (C. B.), is more nearly an authority for defendant than any decision to which our attention has been called. Careful consideration of the opinion in connection with its facts leads us to conclude that it is not controlling. It follows that the present complaint is demurrable on this ground.

5. In this view it is unnecessary, and would probably prove academical, for us to consider and determine a number of minor questions presented by the demurrer. It has here been assumed, but not decided, that they are without merit.