## L. S. ROSENSTEIN v. ELLEN GOTTFRIED.[1]

### March 12, 1920.

### No. 21,511.

**Statute of frauds — sale of building to be wrecked and removed.**

> An agreement for a sale of a two story frame building, built on a permanent stone foundation, to be wrecked and removed by the buyer, but not immediately, and which gives the buyer a present interest in the building and the material composing it, is a sale of an interest in land, and, under our statute of frauds, it is required to be evidenced by writing.

Action in the district court for Ramsey county to recover $746.67, half the proceeds of fire insurance policies. The case was tried before Haupt, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for $696.66. Defendant's motion for judgment notwithstanding the verdicts or for a new trial was granted. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Stan D. Donnelly* and *L. B. Schwartz,* for appellant.

*Keuffner & Marks,* for respondent.

[1]Reported in 176 N. W. 844.

HALLAM, J.

Plaintiff is in the business of buying and wrecking old buildings. Defendant was the owner of a lot on which was situated a two story, twelve room, frame dwelling, on a stone foundation. Plaintiff claims that defendant told him she wanted to dispose of the building for wrecking, that he looked it over and offered her $110 for all the material in the building, plaintiff to tear down the building and take the material away. Plaintiff gave this further testimony: "I then asked her if they had any insurance on the building. She told me there was $2,800. I says: 'Now you must carry that insurance until we get ready to wreck it, we won't be able to get at it right away'—we had other jobs ahead of it, and she agreed to carry the insurance for me. She asked me then: 'Well, how about the premiums I am paying on this? I am paying that out of my money.' I says: 'Well, in case of any loss, why then we'll divide with you 50-50, you are to give us 50 per cent of what you collect.' * * * 'That was satisfactory with her. * * * So I gave her a $5 bill. * * * I rode down to my office, made a report to the bookkeeper that I had bought the building." Next day the building burned. Defendant collected $1,603.25 insurance. Plaintiff sues for half the amount after deducting the purchase price. The jury found for plaintiff. The court gave judgment for defendant notwithstanding the verdict.

Plaintiff's first contention is that the agreement, "rightly construed," did not provide for a sale, but was an agreement to perform personal service, in wrecking a building, to be paid for in the material which composed the building, and that, since the value of the material exceeded the value of the service, plaintiff was to give back the change in cash. It seems to us that the transaction was not a contract for services, but of sale of the building, or of the material in it.

Plaintiff contends that if the agreement is to be construed a sale, it was a sale of fixtures to be removed and was valid though verbal. In other words that it was not a sale of an interest in land, which must, under the statute of frauds, G. S. 1913, § 7002, be evidenced by a writing, but a sale of personal property, governed by the statute of frauds applicable thereto, Laws of 1917, p. 768, c. 465, § 4, and, since part payment was made, no writing was required. The trial court, on the trial, treated

the transaction as a sale of personal property, and instructed the jury that if plaintiff's version of the transaction was true and the $5 was paid they should find for plaintiff. On further consideration the court was of the opinion that it was a sale of an interest in land and void because not in writing.

We agree with the conclusion of the trial court. There is much confusion in the decisions as to when a sale of things attached to land, but which are to be removed, is to be considered a sale of land, and when a sale of personal property.

It is quite generally held that a contract to sell things affixed, but which the seller is to detach and pass title after separation, is an executory contract to sell personal property. Wilson v. Fuller, 58 Minn. 149, 59 N. W. 988; 1 Benjamin, Sales, § 133. Some decisions hold that a contract may partake of that nature, if the parties so intend, even though the buyer is to make the separation, and that the fact that the vendee is to make the separation is important only as bearing upon the intent of the parties as to when title is to pass. Wetopsky v. New Haven Gas Light Co. 88 Conn. 1, 90 Atl. 30, Ann. Cas. 1916D, 968.

Where the negotiation contemplates an immediate transfer of title, there is, as to natural products, such as trees and grasses, a line of well considered decisions, holding that if the thing sold is to be immediately, or within a reasonable time, severed from the soil, and is not to be left to attain additional strength or increase from the land, the sale is one of personal property and not of an interest in land. Claflin v. Carpenter, 4 Metc. (Mass.) 580, 38 Am. Dec. 381; Banton v. Shorey, 77 Me. 48; Leonard v. Medford, 85 Md. 666, 37 Atl. 365, 37 L.R.A. 449; Marshall v. Green, L. R. 1 C. P. Div. 35.

On the other hand, there are well considered decisions holding that, inasmuch as such natural products are part of the land, a sale which contemplates the transfer of a present estate or interest, is necessarily a sale of an interest in land. Bent v. Hoxie, 90 Wis. 625, 64 N. W. 426; Green v. Armstrong, 1 Denio, 550; Stuart v. Pennis, 91 Va. 688, 22 S. E. 509.

This court is committed to this doctrine. Herrick v. Newell, 49 Minn. 198, 51 N. W. 819; Kirkeby v. Erickson, 90 Minn. 299, 96 N. W. 705,

101 Am. St. 411; Kileen v. Kennedy, 90 Minn. 414, 97 N. W. 126; La Plante v. Loveland, 142 Minn. 89, 170 N. W. 920.

In the Kirkeby case, but not in the others cited, it was also said that the part of the agreement which gave the vendee the right to enter upon and occupy the vendor's land, for the purpose of cutting and removing the grass, confers an interest in land. We hesitate to reaffirm this reasoning. The right to enter seems more properly a mere license, effectual until revoked. Herrick v. Newell, 49 Minn. 198, 200, 51 N. W. 819; Volk v. Olsen, 54 Misc. 227, 104 N. Y. Supp. 415; Whitmarsh v. Walker, 1 Metc. (Mass.) 313. But we approve the result reached, on the ground that the standing grass was real estate, and the sale of it the sale of an interest in land.

There is a difference in principle between trade fixtures of a tenant, and either natural products or buildings. Trade fixtures are for most purposes personal property. Some decisions hold generally, in transactions between seller and buyer, that "in applying the statute of frauds, buildings are not classed with forest trees, but with growing crops, nursery trees, and fixtures attached to the realty." Long v. White, 42 Oh. St. 59. Some hold there can be no difference in principle between fixtures attached to the building and the building itself, if it is to be severed or torn down and removed. Wetopsky v. New Haven Gas Light Co. 88 Conn. 1, 90 Atl. 30, Ann. Cas. 1916D, 968. Some authorities, holding contracts for sale of buildings to be contracts for sale of personalty, limit their reference to houses to be immediately removed. Wetopsky v. New Haven Gas Light Co. 88 Conn. 1, 90 Atl. 30, Ann. Cas. 1916D, 968; Tyler, Fixtures, p. 729.

We are not prepared to say there may not be some difference between buildings and natural products, though we might find it difficult to construe the statute as permitting an oral sale of the owner's house, but requiring a writing on the sale of a shade tree. We are not prepared to say that there can be no difference between buildings and fixtures attached to them, as, for example, between a large building of steel, concrete, brick or stone, and hooks on a wall, but whether there are or not, we are of the opinion that there is but one safe or satisfactory rule to apply to such a building as is here involved, namely, a large and substantial two story frame dwelling built on a permanent stone foundation,

not to be immediately removed, and that is to hold that a sale or a contract of sale giving to the buyer a present interest and a right of removal is a sale of an interest in land, which under our statute must be in writing. This we think is in accord with the weight of authority. Hogsett v. Ellis, 17 Mich. 351; Meyers v. Schemp, 67 Ill. 469; Volk v. Olsen, 54 Misc. 227, 104 N. Y. Supp. 415; White v. Foster, 102 Mass. 375, 378; Dudley v. Foote, 63 N. H. 57; Rogers v. Cox, 96 Ind. 157, 49 Am. Rep. 152; Johnston v. Philadelphia Mortgage & Trust Co. 129 Ala. 515, 521, 30 South. 15, 87 Am. St. 75; Hutchins v. Masterson, 46 Tex. 551, 555, 26 Am. Rep. 286; Lavery v. Purcell, 39 L. R. Ch. Div. 508; Williston, Sales, § 66.

We hold that since there was no writing there was no binding contract, and plaintiff has no property rights in the building or in the insurance money.

Judgment affirmed.