HARRY M. HISSAM v. AMELIA RUSCH AND ANOTHER.[1]

July 23, 1926.

No. 25,493.

**Where defective title was to be perfected with all convenient speed, vendee
could not rescind arbitrarily.**

Vendor agreed to perfect a defective title and deeds were placed in
escrow to be delivered on presentation of abstract showing it had
been perfected. Title had not passed from United States to vendor's
remote grantor and vendee declared contract rescinded on the ground
that title being in United States vendee was unable to perform as
suit could not be maintained against the United States. *Held* that
vendee could not rescind without giving notice and allowing a reason-
able time for performance or showing inability to perform; *held*
further that to establish inability to perform vendee must show that
vendor had not acquired the right to have the title conveyed to her.

Vendor and Purchaser, 39 Cyc. p. 1406 n. 6; p. 1430 n. 80; p. 1437
n. 35.

Plaintiff appealed from an order, R. D. O'Brien, J., sustaining
a demurrer to the complaint in an action in the district court for
Ramsey county to have it adjudged that he was the owner of cer-
tain property in St. Paul and for an accounting. Affirmed.

*George G. Chapin*, for appellant.

*Harvey O. Sargeant*, for respondent.

TAYLOR, C.

Plaintiff appeals from an order sustaining a demurrer to his com-
plaint.

The facts stated as constituting the cause of action are briefly
as follows:

In July, 1925, plaintiff and defendant made an agreement to ex-
change properties, plaintiff to convey to defendant a flat building

[1]Reported in 209 N. W. 741.

in the city of St. Paul and defendant to convey to plaintiff 400 acres of land and a city lot in the state of Wisconsin. Thereafter they agreed that the title to the Wisconsin land should be examined by an attorney named Andrews residing at Portage, Wisconsin. Andrews examined the titles and made his report on August 5, 1925, which report is made a part of the complaint. No question is raised concerning the title except as to one tract of 120 acres. Andrews reported that this tract appeared to have been granted by the United States to the Fox & Wisconsin Improvement Company and that he had written for a certificate of the transfer from the United States to that company which would be recorded. He further reported that subject to the defects stated he found the title perfect in defendant. On August 13, 1925, defendant executed an instrument in which she "does hereby undertake and guaranty" to plaintiff "to make good title of record to the lands hereinafter described and perfect the abstracts of said lands showing such record title, such title to be perfected with all convenient speed" at her sole expense. On August 24, 1925, the parties entered into an agreement in which they recite that plaintiff has "this day sold" the flat building to defendant and defendant "in payment therefor has sold" the Wisconsin lands to plaintiff, and that there are certain encumbrances affecting the properties and certain defects in the title of defendant's land, more particularly described in the opinion of Attorney Andrews which was made a part of the agreement as Exhibit A, and that "the parties hereto this day sell and exchange between themselves said properties and specify the conditions of said sale." After making these recitals, the agreement specifies the obligations assumed by each party in respect to the encumbrance, a matter not in controversy, and that plaintiff delivers to defendant possession of the flat building and defendant delivers to plaintiff possession of the Wisconsin land. The agreement further provides that each party is to deliver proper deeds of conveyance of his property in escrow to Herbert P. Keller, "to be by him held until satisfactory proof has been furnished him that the defects mentioned in said Exhibit 'A' have been corrected, and the

exhibition to him of a properly certified abstract of title to said lands, or any of them, showing that said defects have been remedied and corrected shall be his authority to deliver said deed received by him from the parties of the first part, and thereupon he shall deliver to the parties of the first part the deeds received by him from the party of the second part, thus completing the consummation of the transactions between the parties hereto."

On December 14, 1925, plaintiff served on defendant a written demand for the return to him of the deed executed and placed in escrow by him and for the immediate surrender to him of the possession of the flat building, and that defendant take back the deeds executed and placed in escrow by defendant, for the reason that defendant had no title to the 120 acre tract and was unable to acquire title thereto as the title was in the United States.

The relief asked is that plaintiff be adjudged the owner of the flat building and be given the immediate possession thereof, and that defendant be required to account for the rents and profits received therefrom.

The question presented is whether the contract was terminated and rescinded by plaintiff's demand above mentioned.

The parties knew that the title was defective and placed the deeds in escrow to be delivered on presentation of an abstract showing that the title had been perfected. No time was specified within which this should be done, merely that it should be done "with all convenient speed." As the provision that the title should "be perfected with all convenient speed" is the only limitation upon the time of performance, plaintiff could not arbitrarily terminate the contract. Unless it was beyond the power of defendant to perfect the title, plaintiff could not terminate the contract without giving defendant notice of his intention to do so and allowing her a reasonable time thereafter in which to perform. Trainer v. Lammers, 161 Minn. 336, 201 N. W. 540, and cases cited; also annotation in 4 A. L. R. 822. Perhaps there may be cases in which the court could say as a matter of law that the vendor had been allowed a reasonable time in which to make a good title, but under the

circumstances of this case, so far as disclosed, we cannot say that more than a reasonable time had elapsed as a matter of law when plaintiff made his demand.

Plaintiff's real contention is that it was beyond the power of defendant to give him a good title. Discovering that it is not within the power of the vendor to perform justifies the vendee in rescinding. Bennett v. Phelps, 12 Minn. 216 (326); Taylor v. Read, 19 Minn. 317 (372); Herrick v. Newell, 49 Minn. 198, 51 N. W. 819. But where the vendee claims to have rescinded on that ground, it is incumbent upon him to show the facts which rendered the vendor unable to perform. Here it is apparent from the report of the attorney that defendant's title, or claim of title, came through the Fox & Wisconsin Improvement Company, and that the defect consists in the failure of the record to show that the title had passed from the United States to that company. While we may know from an inspection of the acts passed by Congress and by the Wisconsin legislature that the lands were granted in presenti by the United States to the state of Wisconsin and by that state to the Fox & Wisconsin Improvement Company, we cannot take judicial notice of rights acquired under these special acts not disclosed by the record. However, we necessarily take judicial notice that the title to all lands in that state is derived from the United States and is acquired under and pursuant to the land laws, and that one who comes within the applicable law and complies with its provisions acquires the right to a patent or certificate of title. It is also a matter of common knowledge that after a claimant to the land has complied with all the requirements of the law and thereby acquired the right to have the title conveyed to him, long periods may elapse before the issuance of a patent or other evidence of title which can be placed upon the local records.

One having the right to have the title to land conveyed to him can make a valid contract to sell it. Paynesville Land Co. v. Grabow, 160 Minn. 414, 200 N. W. 481.

The complaint alleges that, "it developed that the title * * * was not in the defendant, and that the fee title thereof was and is in the United States, and that the defendant never had and has

not now any title whatever to said property, and that she cannot procure the same by any legal proceedings. That no patent or grant of said land was ever issued by the United States."

Plaintiff says in his brief:

"The title to the land is in the United States. The government never divested itself of title. It issued no patent or title. It cannot be sued. Adverse possession cannot run against it."

He argues that defendant is unable to perform because the title is in the United States and she cannot maintain a suit for specific performance against the United States. But if a right to the title had been acquired under and pursuant to the land laws, it was the duty of the officials charged with the execution of those laws to do whatever might be necessary to vest title in the one entitled thereto. And we think that the allegation that the title was not in defendant but in the United States does not of itself show that defendant was unable to perform. We think that in order to establish inability to perform it was necessary for plaintiff to show that no right to a conveyance of the title had been acquired under the land laws by defendant or those under whom she claims, or that the land had been disposed of to others or appropriated to some other purpose. The complaint contains nothing tending to show whether a right to the title to the land had or had not been acquired under the land laws, and, as the burden was on plaintiff to show that defendant possessed no such right, the ruling of the learned trial court was correct and its order is affirmed.