Matthew J. Jasen, J.
This is a motion by the plaintiff for an injunction restraining the defendants, during the pendency of this action, from cutting and removing timber from the premises owned by the defendants Argendorf. The plaintiff has sued the defendants for specific performance of a contract under which the plaintiff was to purchase certain timber growing on the lands of the defendants Argendorf. The timber was to be cut and removed by the plaintiff at a certain price per thousand board feet. The plaintiff further alleges that he subsequently entered into an oral contract with the defendants Getzman and Janas under which contract Getzman and Janas were to cut and remove said timber on behalf of the plaintiff and to purchase it from him at a stipulated price per thousand board feet. Both agreements were oral. The original agreement between the plaintiff and Argendorf was to have been set down in writing but because of the difficulties which arose between the parties, mo written contract was executed.
The plaintiff alleged that he paid the defendants Argendorf a down payment of $100 and through his vendees, Getzman and Janas, entered onto the property and commenced cutting and removing the timber. Shortly thereafter, difficulties arose concerning the written contract between the plaintiff and Argendorf and it is alleged by the plaintiff that Argendorf changed his mind and entered into a new contract directly with the defendants Getzman and Janas for the sale of said timber. The suit for specific performance, as well as a second cause of action for damages because of the breach of the said contracts and a third cause of action alleging conspiracy followed.
This motion seeks to enjoin the defendants Getzman and Janas from proceeding with their contract with the defendants Argendorf and from cutting and removing any more timber from the property pending the outcome of the present litigation.
In the opposing affidavits of the defendants it is alleged that said timber is real property and that since no agreement in writing for the sale of said real property was executed, it cannot be enforced because of the Statute of Frauds.
*979 The granting of a temporary injunction pending the outcome of litigation is within the sound discretion of the court. Usually, in an action for specific performance of a contract concerning real property, this discretion would be exercised in favor of the party seeking the specific performance because of the unique character of real property. Prior to the enactment of the Uniform Sales Act, a contract for the sale of anything attached to the land, if the severance was to be made by the buyer, constituted a sale of an interest in real property and was required to be in writing. (Thomson v. Poor, 57 Hun 285; Volk v. Olsen, 54 Misc. 227.) However, under section 156 of the Personal Property Law the word “ goods ” includes all chattels personal other than things in action and money including emblements, industrial growing crops, and things attached to or forming part of the land which are agreed to be severed before sale or under the contract of sale. The timber involved herein is a thing attached to and forming part of the land, and the contract pleaded herein, as well as the version of the arrangement by the defendants required the timber to be severed from the land immediately under the contract of sale. Therefore, it was “ goods or personal property ” and not real property.
While the court does not intend to foreclose the plaintiff from proving at the trial of this action that his contract was for the sale of real property, it does hold that from the affidavits submitted in support of and in opposition to the motion for an injunction, the contract, if any, between the parties involved personal property. Since this timber was not unique in character or unable to be purchased in the open market by the plaintiff, the court will not grant an injunction pending the outcome of the action. It appears that the plaintiff has an adequate remedy at law, that is, one for damages which are easily ascertainable. The plaintiff has not shown, by any evidentiary facts that he will sustain irreparable damage by the actions of the defendants.
The injunction is denied.